PYCO SUPPLY COMPANY, INC. v. AMERICAN CENTENNIAL INSURANCE
COMPANY v. CAROLINA ROAD BUILDERS, INC., H. KEITH DUNCAN,
CURTIS L. CLARK, PATTY D. CLARK, LEONARD SIMMONS AND BETTY
M. SIMMONS

No. 223A87

(Filed 3 February 1988)

1. **Rules of Civil Procedure § 15; Pleadings § 35.1— amended complaint—relation back—time restriction**

   The determination of whether a claim asserted in an amended pleading relates back does not hinge on whether a time restriction is deemed a statute of limitation or repose; rather, the proper test is whether the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences which formed a basis of the amended pleading. N.C.G.S. § 1A-1, Rule 15(c).

2. **Pleadings § 33.2; Rules of Civil Procedure § 15— action on construction bond— amendment of complaint—proper**

   In an action in which plaintiff furnished pipe for a water project and ultimately sought to collect the amount due from defendant under a construction bond, the original complaint gave notice of the amended claim where the project had been divided into four contracts, plaintiff had attached contract two to the original complaint, contract four covered the materials from which the dispute arose, and plaintiff later sought to amend the complaint to remove the bond and contract as exhibits, to delete a reference to the bond, and instead to generally allege that defendant had written bonds to secure those parties who had furnished materials in connection with the water line project. The amended complaint averred basically the same allegations as the original complaint except that it did not restrict itself to a specified contract number; furthermore, plaintiff asserted in the original complaint that it brought the action to recover the amount owed it pursuant to Chapter 44A, Art. 3 of the General Statutes of North Carolina, giving notice to defendant that plaintiff sought to recover all amounts owed to it by defendant surety notwithstanding

the numerical designation of the contract or payment bond on which the default was based. N.C.G.S. § 1A-1, Rule 15(c), N.C.G.S. § 1A-1, Rule 8(a)(1).

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals reversing summary judgment for plaintiff, entered by *Rousseau, J.*, on 11 March 1986 in Superior Court, SURRY County. Plaintiff's petition for discretionary review of additional issues was allowed 7 July 1987. Heard in the Supreme Court 14 October 1987.

*Weinstein & Sturges, P.A., by Hugh B. Campbell, Jr., for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks and B. Danforth Morton, for defendant-appellee.*

FRYE, Justice.

The issue presented on this appeal is whether the Court of Appeals erred when it reversed the decision of the trial court that allowed plaintiff to amend its complaint and have the amended complaint relate back to the filing of its original complaint. The underlying issue then is whether the original complaint in this action gave "notice of the transactions, occurrences, or series of transactions or occurrences" which formed the basis for the amended complaint within the meaning of Rules 8(a)(1) and 15(c) of the North Carolina Rules of Civil Procedure. We answer both questions in the affirmative, and therefore reverse the decision of the Court of Appeals.

I.

This dispute arises from a construction project wherein the Town of Pilot Mountain contracted with Carolina Road Builders, Inc. (CRB) to lay a new water line for the town. CRB purchased a large quantity of pipe from plaintiff to use in fulfilling its contracts with the town for the water line project. When CRB became financially unable to pay the balance owed to plaintiff in connection with the water line project, plaintiff instituted this suit against CRB's surety, American Centennial Insurance Company (American Centennial).

Prior to filing its complaint, plaintiff had written to the Town of Pilot Mountain concerning its water system improvement proj-

ect and the fact that plaintiff had not been paid in full for materials supplied to the town's general contractor, CRB. Plaintiff requested that the Town of Pilot Mountain "furnish to [it] a certified copy of the payment bond and construction contract covered by the bond" pursuant to N.C.G.S. § 44A-31. The town manager of Pilot Mountain responded by enclosing a certified copy of payment bond AB001871 and "the contract between the Town of Pilot Mountain and [CRB]." Plaintiff, believing this payment bond and contract covered the entire water line project, attached copies of both as Exhibit "A" to its complaint.

Because of the significance of the pleadings to this dispute, a thorough examination of the procedural posture is warranted. This action was instituted by a complaint filed 2 November 1984, as follows:

1. Plaintiff Pyco Supply Co., Inc., is a corporation duly incorporated under the laws of the State of South Carolina and duly authorized to do business in the State of North Carolina with an office in Mecklenburg County, North Carolina.

2. Defendant American Centennial Insurance Company is an insurance company which Plaintiff is informed and believes and so alleges is duly incorporated under the laws of the State of Delaware and duly authorized by the State of North Carolina to write insurance contracts in this State including performance and payment bonds.

3. Plaintiff is informed and believes and so alleges that American Centennial Insurance Company wrote a payment bond (Bond No. AB0018710A) wherein American Centennial bound itself as surety to assure payment of all material suppliers supplying material to Carolina Roadbuilders, Inc. in connection with a contract for construction and completion of water line improvements for the Town of Pilot Mountain, North Carolina. A copy of this payment bond together with the contract between the Town of Pilot Mountain and Carolina Roadbuilders, Inc. is attached hereto as Exhibit "A" and incorporated herein by reference.

4. Over a period of time running from approximately November 10, 1982, through approximately January 24, 1984, Plaintiff sold and delivered to Carolina Roadbuilders, Inc.,

certain pipe and other plumbing materials for use in connection with the aforesaid water line improvement project. After giving Carolina Roadbuilders, Inc., credit for all payments or authorized return of material, Plaintiff is still owed the sum of $14,305.77 for materials furnished in connection with this project. Despite Plaintiff's repeated demands for payment, Carolina Roadbuilders, Inc., has failed and refused to make the payment to Plaintiff for more than ninety days since the date of last delivery of materials.

5. Plaintiff brings this action to recover the amount owed to it pursuant to Chapter 44A, Article 3 of the General Statutes of North Carolina which chapter provides for the procedure to make recovery on payment bonds.

WHEREFORE, Plaintiff prays that it have and recover of the Defendant, the sum of $14,305.77; that it recover interest at the highest amount allowed by law; that it recover its costs in connection with this action; and that it have such other and further relief as to the Court may seem just and proper.

After filing an answer and third party complaint, American Centennial moved for summary judgment against plaintiff. Subsequently, plaintiff asserted that it learned from another suit pending against CRB in another jurisdiction that the water line project had been divided into four separate contracts, with CRB receiving contracts one, two and four, and that CRB had purchased a separate bond from American Centennial on each of the three contracts. Plaintiff also learned that the materials for which it had not been paid were used in connection with that part of the project covered by contract four, not contract two that had been attached to its complaint. Plaintiff then moved to amend its original complaint so as to remove as an exhibit the bond and contract attached to its complaint, to delete the parenthetical reference to the bond found in paragraph three, and instead to allege generally that American Centennial had written bonds to secure those parties who had furnished material in connection with the water line project. At the hearing on plaintiff's motion to amend, the trial court also heard American Centennial's motion for summary judgment based on an affidavit which showed that as to contract two, more than one year had passed since materials were last furnished.

The trial court granted plaintiff's motion to amend its original complaint to state a claim which would include contract four, finding that there was no prejudice to American Centennial since the original complaint had fully notified American Centennial that plaintiff had not been paid in full for the pipe plaintiff had furnished on the water line project over the period between November 1982 and January 1984. In its order, the trial judge noted that plaintiff's proposed amendment would be useless unless the court allowed it to relate back to the filing date of the original complaint so that the amended claim would escape the time bar of the statute. The trial judge also entered summary judgment for defendant on any claim relating to materials furnished on that portion of the water line project covered by contract two based on the agreement of all parties that this was appropriate. Defendant's answer to plaintiff's amended complaint included a plea that the action was barred by a one-year limitation included in the payment bonds executed by American Centennial as surety for CRB notwithstanding the amendment. Defendant in its third defense, alleged:

> To the extent that the plaintiff has commenced an action on any of the payment bonds which were executed by American Centennial as surety for Carolina Roadbuilders, Inc., other than the payment bond contract No. 2, such action was not commenced until the amended complaint by the plaintiff was allowed which was more than one year following the date on which the principal, Carolina Roadbuilders, Inc., ceased work on the contracts referred to in the payment bonds.

Defendant also pleaded the limitation contained in N.C.G.S. § 44A-28(b), alleging:

> Any action by the plaintiff with reference to the bonds issued on contracts 1 or 4 was commenced after the time permitted by the above-quoted statute which is hereby pleaded in bar of any recovery by the plaintiff in this action.

Through these allegations, defendant effectively challenged the trial court's decision to allow the amendment to relate back to the date the original complaint was filed. Both parties subsequently moved for summary judgment on the amended pleadings and supporting affidavits. The trial court granted summary judgment for plaintiff in the amount of $14,305.77 against defendant American

Centennial, and summary judgment in favor of defendant American Centennial against CRB in the same amount. Only American Centennial appealed to the Court of Appeals.

## II.

The Court of Appeals reversed the summary judgment for plaintiff, holding that the time restriction of N.C.G.S. § 44A-28(b) was a statute of repose and not a statute of limitation and as such, relation back was inappropriate. The Court of Appeals reasoned that since the one year limitation in the statute was a substantive element of the claim that had gone unsatisfied, the amended complaint could not relate back to the date of the filing of the original complaint. Therefore, any action on contract four which appeared in the amended complaint was barred since it was added beyond the one year limitation. The Chief Judge dissented in a one paragraph opinion as follows:

> In my opinion, the trial court did not err in allowing plaintiff to amend its complaint to omit the specific reference to Bond No. AB0018710A, and I vote to affirm summary judgment for plaintiff. G.S. 1A-1, Rule 15(c) allows the matter pleaded in the amendment to relate back so as to affirmatively disclose that plaintiff's claim is not barred by any statute of limitations or repose. The record discloses there are no genuine issues of material fact and the record does not disclose any insurmountable bar to plaintiff's claim. I vote to affirm.

*Pyco Supply Co., Inc. v. American Centennial Ins. Co.*, 85 N.C. App. 114, 122, 354 S.E. 2d 360, 365 (1987) (Hedrick, C. J., dissenting). We agree with the dissenting opinion.

[1] Essentially, the decision of the Court of Appeals makes Rule 15(c) inapplicable when an amended complaint is filed beyond a statutory period when that time restriction is deemed a statute of repose. We can discern from our Rules of Civil Procedure and the case law of this State no such exception intended for Rule 15(c). We hold that the determination of whether a claim asserted in an amended pleading relates back does not hinge on whether a time restriction is deemed a statute of limitation or repose. Rather, the proper test is whether the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences

which formed the basis of the amended pleading. If the original pleading gave such notice, the claim survives by relating back in time without regard to whether the time restraint attempting to cut its life short is a statute of repose or limitation.

### III.

[2] In all cases of public construction for which a payment bond is required under N.C.G.S. § 44A-26, the provisions of the Model Payment and Performance Bond Act, N.C.G.S. § 44A-25 to -34, are conclusively presumed to have been written into the payment bond. N.C.G.S. § 44A-30(b) (1984). The subsection at issue provides:

> No action on a payment bond shall be commenced after the expiration of the longer period of one year from the day on which the last of the labor was performed or material was furnished by the claimant, or one year from the day on which final settlement was made with the contractor.

N.C.G.S. § 44A-28(b) (1984).

Although this Court has had the opportunity to distinguish between statutes of repose and limitations, *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 328 S.E. 2d 274 (1985), and *Black v. Littlejohn*, 312 N.C. 626, 325 S.E. 2d 469 (1985), our research discloses no cases where we have decided this issue as it relates to N.C.G.S. § 44A-28(b) payment bonds. The question of whether similar statutes are statutes of repose or limitation has troubled the federal courts.[1] Inasmuch as we can dispose of this case without deciding this issue, we find it unnecessary to address it at this time.

Defendant, on appeal, contends that because the statute is one of repose, commencing suit on contract four within the one year period provided in N.C.G.S. § 44A-28(b) is an absolute condition precedent to its alleged liability to plaintiff. Because plain-

---

1. An analogous federal statute, 40 U.S.C. § 270(b) has been construed both ways by the federal courts of appeal. *See U.S. ex rel. Harvey Gulf Int. Marine, Inc. v. Maryland Casualty Co.*, 573 F. 2d 245 (5th Cir. 1978) and *Security Insurance Co. v. United States for use of Haydis*, 338 F. 2d 444 (9th Cir. 1964). *But see, United States for the Use and Benefit of Celanese Coatings Co. v. Gullard*, 504 F. 2d 466 (9th Cir. 1974).

tiff's amended complaint was not filed until 8 November 1985, more than a year after the last materials were furnished to CRB and final settlement, defendant argues its liability on contract four had expired and could not be revived by plaintiff's procedural amendment.

Rule 15(c) of the North Carolina Rules of Civil Procedure provides:

> (c) Relation back of amendments.—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleadings was interposed, unless the original pleading does not give *notice of the transactions, occurrences, or series of transactions or occurrences,* to be proved pursuant to the amended pleading.

N.C.R. Civ. P. 15(c) (1983) (emphasis added). Whether an amended complaint will relate back to the original complaint does not depend upon whether it states a new cause of action but instead upon whether the original pleading gave defendants sufficient notice of the proposed amended claim. *See Mauney v. Morris,* 316 N.C. 67, 340 S.E. 2d 397 (1986); *Henry v. Deen,* 310 N.C. 75, 310 S.E. 2d 326 (1984); *Burcl v. Hospital,* 306 N.C. 214, 293 S.E. 2d 85 (1982).

Under Rule 8(a)(1) of the North Carolina Rules of Civil Procedure, the original complaint similarly must contain:

> [a] short and plain statement of the claim sufficiently particular to give the court and the parties *notice of the transactions, occurrences, or series of transactions or occurrences,* intended to be proved showing that the pleader is entitled to relief.

N.C.R. Civ. P. 8(a)(1) (1983) (emphasis added). Through this enactment, the General Assembly of North Carolina adopted the concept of notice pleading. *See Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

Under the notice theory of pleading, a statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its nature and basis and to file a responsive pleading. *Id.* at 104, 176 S.E. 2d at 167. Such simplified notice pleading is made

possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161.

In applying the above rules to the instant case, if the original complaint of plaintiff gave notice under Rule 8(a)(1) of a claim based on the payment bond given for contract four, then the amended complaint under Rule 15(c) is absorbed into the original and "is deemed to have been interposed at the time the claim in the original pleading was interposed." N.C.R. Civ. P. 15(c). Defendant, however, asserts that because plaintiff attached contract number two to its original complaint, that complaint should be interpreted as a suit on the payment bond for contract two only. We disagree.

The original complaint and the amended complaint, viewed together, evidence the intention of the plaintiff to collect all outstanding sums owed by CRB to plaintiff for material supplied in connection with any bonded contract on which defendant was liable pursuant to the water line improvement project for the Town of Pilot Mountain. The amended complaint, as found by the trial judge, averred basically the same allegations as the original complaint except that it did not restrict itself to a specified contract number. Though the amended complaint is more precise and represents a *preferred* method of alleging a claim of this type when a plaintiff is uncertain as to the identity of the underlying contract or contracts, to *require* the amended form would elevate form over substance and deny plaintiff its day in court simply for its imprecision with the pen. This would be contrary to the purpose and intent of notice pleading and the modern rules of civil procedure. We, therefore, hold that plaintiff's original complaint gave notice of the amended claim.

Furthermore, in paragraph 5 of the original complaint, plaintiff asserts that it "brings this action to recover the amount owed to it pursuant to Chapter 44A, Article 3 of the General Statutes of North Carolina which chapter provides for the procedures to make recovery on payment bonds." This averment further evidences the intention of the plaintiff and gives notice to defendant that plaintiff seeks to recover all amounts owed to it by the de-

fendant surety notwithstanding the numerical designation of the contract or payment bond on which such default was based. Since Article 3 of Chapter 44A relates specifically to public construction payment bonds, defendant was here put on notice that plaintiff was instituting an action to recover money owed to it for materials furnished to CRB for work secured by such payment bonds, on the specific project, and for the dates indicated. That included not only contract two, but also contracts one and four.

Under this State's theory of notice pleading, we hold that the allegations in plaintiff's original complaint were sufficient to put defendant on notice of all claims by plaintiff arising from any of defendant's unsatisfied payment bond contracts for materials supplied by plaintiff to CRB on the Pilot Mountain water line improvement project; that the allegations of plaintiff's original complaint were sufficient to give defendant "notice of the transactions, occurrences, or series of transactions or occurrences" to be proved pursuant to the amended complaint as those terms are used in Rules 8(a)(1) and 15(c) of the North Carolina Rules of Civil Procedure.

As we have previously held, the primary function of pleadings is to give sufficient notice of the events or transactions which produced the claim with sufficient precision to enable the adverse party to understand the nature and basis of it and allow the opponent to prepare. *See Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161. That function is served by the pleadings in this case.

Since the original complaint was filed 2 November 1984, the last material furnished on 24 January 1984, and the last payment received on 19 March 1984, plaintiff's claim on contract four is well within the one year requirement of N.C.G.S. § 44A-28(b) without regard to whether that statute is one of limitation or repose. Under this State's concept of notice pleading, plaintiff's original complaint was sufficient, *see Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972); *Comm. v. Grimes*, 277 N.C. 94, 178 S.E. 2d 345 (1971); *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161, and the amended complaint related back to the original complaint. *See Mauney v. Morris*, 316 N.C. 67, 340 S.E. 2d 379; *Burcl v. Hospital*, 306 N.C. 214, 293 S.E. 2d 85.

For the foregoing reasons, the Court of Appeals erred in reversing the plaintiff's summary judgment. The decision of the

Court of Appeals is reversed and the cause remanded to the Court of Appeals for further remand to the trial court to reinstate its summary judgment for plaintiff.

Reversed and remanded.