JOYCE BOWLIN, Plaintiff-Appellant v. DUKE UNIVERSITY, PRIVATE DIAGNOSTIC
CLINIC, and ROY B. JONES, Defendants-Appellees

No. COA94-807

(Filed 6 June 1995)

### 1. Pleadings § 397 (NCI4th)— second amended complaint— relation back to original complaint

Claims asserted in plaintiff's second amended complaint related back to her original complaint where there was no question that the original complaint gave notice of the transactions or occurrences sought to be proved pursuant to the second amended complaint, that is, that defendants were negligent in performing a bone marrow harvest and this negligence proximately caused permanent injuries; therefore, the claims were viable when plaintiff voluntarily dismissed her action, and she had an additional year in which to file the claims.

**Am Jur 2d, Pleading §§ 337, 338.**

**Rule 15(c), Federal Rules of Civil Procedure, or state law as governing relation back of amended pleading. 100 ALR Fed. 880.**

### 2. Pleadings § 399 (NCI4th)— voluntary dismissal—relation back—procedure employed by plaintiff proper

. Plaintiff did not forfeit her right to prosecute this lawsuit and obtain appellate review of the previous court orders by failing to seek a ruling of relation back prior to seeking a voluntary dismissal, since the statute of limitations was not pled until after the voluntary dismissal and relation back therefore did not become an issue until after the voluntary dismissal.

**Am Jur 2d, Pleading §§ 337, 338.**

**Rule 15(c), Federal Rules of Civil Procedure, or state law as governing relation back of amended pleading. 100 ALR Fed. 880.**

Appeal by plaintiff from order entered 15 February 1994 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 19 April 1995.

**BOWLIN v. DUKE UNIVERSITY**

[119 N.C. App. 178 (1995)]

*Elizabeth F. Kuniholm, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Samuel G. Thompson, William H. Moss, and James Y. Kerr, III, for defendants-appellees Private Diagnostic Clinic and Roy B. Jones, M.D.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Kathleen M. Millikan, for defendant-appellee Duke University.*

JOHNSON, Judge.

In the Spring of 1986, plaintiff was diagnosed with breast cancer. She had a mastectomy and underwent chemotherapy. Her treating oncologist then referred her to Duke University Medical Center (DUMC) for participation in the bone marrow transplant program, a program allowing cancer patients to harvest their own bone marrow to be frozen and reimplanted in the case of recurrence of the disease.

In October 1986, plaintiff entered DUMC for the harvesting of her bone marrow. The procedure was performed on 6 October 1986 under general anesthesia and involved inserting a long needle into the posterior hip bone and extracting marrow. Defendant Dr. Roy B. Jones and a fourth year medical student acting under Dr. Jones' direct supervision performed the harvest procedure. Immediately after the procedure, plaintiff noticed pain and numbness in her right buttock and posterior thigh. This pain has persisted and was diagnosed by plaintiff's experts as caused by a penetration injury to the medial portion of the sciatic nerve, the major nerve serving the leg and foot, and to the posterior femoral cutaneous nerve, the sensory nerve that serves the posterior thigh. The pain is constant and interferes with her ability to sleep, carry on daily activities or be gainfully employed.

In the original complaint filed 12 December 1988, plaintiff alleged damages occurring as a result of defendants' negligence in performing the bone marrow harvest procedure, resulting in injury to her nerves. Because plaintiff was asleep during the surgery and because none of her doctors, until that time, had been able to identify the cause or mechanism of her nerve injury, she based her allegations of negligence on the doctrine of *res ipsa loquitur*. On 19 September 1989, plaintiff amended her complaint to add additional defendants and factual allegations relating to the active participation of a medical student in plaintiff's operation.

On 11 May 1991, plaintiff dismissed several of the individual defendants in connection with identifying expert witnesses. On 20 June 1990, defendants deposed Dr. Austin Sumner, plaintiff's principal expert on negligence and causation. Dr. Sumner testified that in his opinion plaintiff had suffered a needle penetration injury to the sciatic and posterior femoral cutaneous nerves where they exit the pelvis at the sciatic notch (a point of injury distant from the operative site), that the injury occurred during the bone marrow harvest procedure and that it was below the applicable standards of practice to permit the needle to penetrate those nerves in the course of performing the bone marrow harvest.

On 15 January 1990, defendants deposed a second expert for plaintiff, Dr. Guido Tricot, who testified that it would be a deviation from applicable standards of practice to inflict a needle penetration injury to these nerves in the course of the harvest procedure.

On 22 January 1991, defendants identified a total of six expert witnesses who were expected to testify as to the standards of practice in performing bone marrow harvest procedures and the cause of plaintiff's injury. These experts later testified by deposition in opposition to Dr. Sumner's and Dr. Tricot's testimony, addressing the issues of negligence, standards of practice and causation.

*Bowlin I* was set for trial in July 1991. Ten days before trial, defendants moved for summary judgment on all issues. Because this Court had recently held that the doctrine of *res ipsa loquitur* was inapplicable in most medical negligence cases, in *Grigg v. Lester*, 102 N.C. App. 332, 401 S.E.2d 657, *disc. review denied*, 329 N.C. 788, 408 S.E.2d 520 (1991), and because both the original complaint and the first amended complaint had been drafted to invoke the doctrine of *res ipsa loquitur*, in response to defendants' motion for summary judgment on all issues, plaintiff filed a motion to amend the complaint to conform to the evidence on 10 July 1991 to allege a specific deviation from the standards of practice by defendants. These contentions had been the subject of discovery since June 1990, had been addressed specifically by defendants' experts months before and were the basis for plaintiff's response to the summary judgment motions.

The court heard arguments on defendants' summary judgment motions and on plaintiff's motion to amend on 15-17 July 1991. Plaintiff presented to the court all the evidence upon which she relied that defendants had deviated from applicable standards of practice

**BOWLIN v. DUKE UNIVERSITY**

[119 N.C. App. 178 (1995)]

and that these deviations had caused her injury. Defendants asserted, through their respective counsel, that plaintiff's contention that the standards of practice had been violated was a "new" claim and that they were surprised and prejudiced by her attempt to assert this "new" claim at the last minute, because they had discovered and prepared the case as a *res ipsa loquitur* case and not as a standards of practice case. As a result, defendants argued, they were unprepared to defend allegations that deviations from standards of practice had caused injury to plaintiff, and they would therefore be severely prejudiced if the motion to amend were allowed.

In response to these arguments by defendants, Judge Jenkins indicated that he was inclined to allow summary judgment on *res ipsa loquitur* and to deny the motion to amend. Plaintiff then agreed that if the court would allow the motion to amend, she would immediately upon filing and service of the amended complaint take a voluntary dismissal without prejudice of the general negligence claims that remained in the second amended complaint. This would preserve her claims of ordinary negligence for hearing at a later date.

Defendants did not object to this procedure. The court entered partial summary judgment and then signed an order (drafted by defendants) allowing plaintiff's motion to amend as to general negligence claims and respondeat superior but reserving ruling on the issue of relation back of the amendment. Judge Jenkins stated in court that he assumed the statute of limitations as to the claims in the second amended complaint was not in issue. Accordingly, after the court entered partial summary judgment and allowed the motion to amend as to general negligence, plaintiff filed and served the second amended complaint, which contained claims of general negligence and respondeat superior against defendants based upon the same factual allegations as were contained in the original complaint and the first amended complaint, both filed and served before the expiration of the statute of limitations. Plaintiff then filed her notice of voluntary dismissal of the second amended complaint. Plaintiff made clear at the hearing that the only claims being voluntarily dismissed were those on which summary judgment had not been entered, as set forth in the second amended complaint. At no time before the voluntary dismissal without prejudice was filed did defendants raise the statute of limitations as a defense or issue, nor did they object to the court's failure to rule on the issue of relation back.

Plaintiff filed notice of appeal from the order of partial summary judgment. She also filed notice of appeal from the order allowing the motion to amend, solely on the issue of the court's refusal to rule on relation back. At the time plaintiff's brief was filed, she did not include an argument relating to the refusal of the court to rule on relation back.

Defendants argued in *Bowlin I*, that plaintiff's claims of ordinary negligence as contained in the second amended complaint and voluntarily dismissed were still pending and that if all rulings on partial summary judgment were affirmed, the plaintiff would be free to pursue these ordinary negligence claims and would not be without a remedy for her alleged injuries. At the time of oral argument in November 1992, plaintiff had refiled her negligence claims and they were pending in Wake County Superior Court.

On 1 December 1992, this Court affirmed Judge Jenkins' ruling on partial summary judgment in *Bowlin I. Bowlin v. Duke University*, 108 N.C. App. 145, 423 S.E.2d 320 (1992), *disc. review denied*, 333 N.C. 461, 427 S.E.2d 618 (1993). Plaintiff argues that this Court assumed what defendants had argued, that plaintiff's ordinary negligence claims were still pending. Our Court noted that "the trial court granted defendants' motions as to all of plaintiff's claims except her ordinary negligence claims . . ." and "that the summary judgment below did not resolve all claims between all parties." *Id.* at 147-48, 423 S.E.2d at 321-22.

On 10 July 1992, plaintiff refiled the second amended complaint pursuant to N.C.R. Civ. P. 41(a)(1). Defendants raised the statute of limitations as a defense under Rule 12(b)(6); defendant DUMC included it in the answer and defendants Private Diagnostic Clinic and Jones by serving a motion to dismiss. The parties engaged in minimal discovery. On 21 October 1993, the court set the case peremptorily for trial at the 14 March 1994 session. On 25 October 1993, plaintiff identified her experts. Defendants identified their experts on 31 January 1994. On the issue of negligence, defendants' experts were essentially the same as they were in *Bowlin I*, designated to testify that defendants had complied with all applicable standards of practice.

At the time defendants' motions to dismiss were heard on 10 February 1994, *Bowlin I* had been pending for nineteen months and *Bowlin II* was essentially ready for trial, which was one month away. Judge Cashwell entered his order dismissing the instant case, *Bowlin*

*II*, for failure to state a claim because he determined that the statute of limitations had expired on plaintiff's claims.

The dispositive issue on appeal is whether the trial court erred in allowing defendants' Rule 12(b)(6) motion, dismissing plaintiff's claim. A 12(b)(6) motion is an appropriate vehicle for dismissing a claim barred by the statute of limitations. *Long v. Fink*, 80 N.C. App. 482, 342 S.E.2d 557 (1986). North Carolina General Statutes § 1-15 (1983) requires that a medical malpractice cause of action must be filed within three years of the date of the last act giving rise to the cause of action. The statute also gives a period of repose of four years.

Defendants argue that the second amended complaint on its face is time barred because in the instant action, after the voluntary dismissal, plaintiff filed her complaint on 10 July 1993, more than four years after the date of the bone marrow harvest procedure of 6 October 1986. Defendants also contend that plaintiff, by voluntarily dismissing her action, and appealing and abandoning a ruling of the trial court which failed to provide that her second amended complaint related back, has lost any further right to prosecute the instant case.

**[1]** Plaintiff argues that the issue is whether the second amended complaint relates back under Rule 15(c) at the time of filing and dismissal, such that the claims asserted in it were viable at the time they were dismissed. If the claims are still alive, Rule 41(a) operates to allow an additional year in which to file.

Thus, we address whether the claims asserted in the second amended complaint relate back to the original complaint. Rule 15(c) states:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

Accordingly, whether defendants had notice in the original pleadings of the events to be proved in the amended pleadings is important. *See Pyco Supply Co., Inc. v. American Centennial Ins. Co.*, 321 N.C. 435, 364 S.E.2d 380 (1988); *You v. Roe*, 97 N.C. App. 1, 387 S.E.2d 188 (1990). There is no question that the original complaint gave notice of the transactions or occurrences sought to be proved pursuant to the

second amended complaint. Defendants were on notice of the circumstances involved. "Whether an amended complaint will relate back to the original complaint does not depend upon whether it states a new cause of action but instead upon whether the original pleading gave defendants sufficient notice of the proposed amended claim." *Pyco*, 321 N.C. 435, 442, 364 S.E.2d 380, 384.

We recognize that defendants alleged prior to the July 1991 trial that they had not prepared for an ordinary negligence claim and that this led to the trial court's hesitancy concerning amending plaintiff's second complaint. Defendants were on notice, however, that plaintiff was alleging that defendants were negligent in performing the bone marrow harvest and that she alleged that this proximately caused permanent injuries. Therefore, the amended complaint relates back to the original complaint. As plaintiff has complied with the requirements of Rules 15 and 41, her claims were sufficiently preserved.

[2] The next issue is whether plaintiff forfeited her right to prosecute this lawsuit and obtain appellate review of the previous court orders by failing to seek a ruling of relation back prior to seeking a voluntary dismissal. This Court in *You v. Roe* failed to find fault with the procedure used where an amendment was initially allowed and the trial court reserved ruling as to relation back until it was later raised by defendant. This Court went on to reverse the trial court's summary judgment for defendants based on the statute of limitations stating that where "there are no contradictory allegations" and "the allegations of the amended complaint are based on the same transaction or occurrence . . . as the original complaint" that "plaintiff's amended complaint should be deemed to relate back to the filing date of the original complaint." *Id.* at 15, 387 S.E.2d at 195.

Until the statute of limitations is affirmatively pled, it is not available. Accordingly, the defense became available only when pled by defendants in *Bowlin II*, the instant action. Hence, defendants' argument that plaintiff abandoned the relation back issue by failing to argue the issue in *Bowlin I* is without merit.

In light of our holding, we find it unnecessary to reach plaintiff's remaining collateral arguments. For the foregoing reasons the decision of the trial court is reversed and remanded.

Reversed and remanded.

Judges COZORT and McGEE concur.