CALABRIA, Judge.
Where plaintiffs' complaint demonstrated that the statute of limitations had expired on plaintiffs' breach of contract claim, the trial court did not err in dismissing that claim. Where plaintiffs alleged unfair debt collection practices, the trial court did not err in dismissing plaintiffs' unfair trade practices claim based upon the same factual allegations. Where plaintiffs' complaint alleged neither false statements made in a legal proceeding nor fees charged without legal entitlement, the trial court did not err in dismissing plaintiffs' unfair debt collection practices claim. Where plaintiffs' first assertion of a desire to amend the complaint did not rise to the level of a motion to amend, and their second assertion was made after the trial court had already ruled upon motions to dismiss, the trial court did not abuse its discretion in denying plaintiffs' motion to amend the complaint. We affirm the order of the trial court.
I. Factual and Procedural Background
On 23 March 2009, Andy Learon Crabtree and Carol Ann Crabtree ("plaintiffs") executed a promissory note and deed of trust for the purchase of their principal residence, located at 10501 Old Stage Road, Raleigh. BAC Home Loans Servicing, LLP ("BAC") subsequently acquired servicing rights to the note, and on 19 January 2010, plaintiffs entered into a loan modification agreement ("the modification agreement") with BAC. Plaintiffs contend, however, that BAC never implemented the modified terms of the mortgage, and continued to issue statements which did not reflect the modification agreement. Nevertheless, plaintiffs made payments as requested by BAC for some time thereafter.
In July of 2011, BAC merged into Bank of America, N.A. ("BANA"), and BANA began servicing plaintiffs' mortgage account. On 7 December 2011, BANA implemented modifications to the mortgage, but plaintiffs allege that these modifications differ from the 19 January 2010 modification agreement. Plaintiffs allege that BANA's modifications failed to credit plaintiffs for payments actually made, and that BANA also failed to credit plaintiffs for subsequent payments. At some subsequent time, BANA transferred its servicing rights over the note to Rushmore Loan Management Services, LLC ("Rushmore"), which ultimately assigned those rights to GMAT.
On 27 May 2012, BANA sent plaintiffs a notice of default and acceleration, allegedly refused additional tenders of payment from plaintiffs, and in September of 2012 filed a petition to foreclose plaintiffs' deed of trust. Plaintiffs retained Elesha M. Smith ("Smith") as their attorney for the foreclosure proceeding. Plaintiffs paid Smith a retainer, but allege that Smith never appeared at the initial foreclosure hearing, and did not work on their case. Plaintiffs further allege that they were unable to reach Smith by phone, and later discovered that Smith's office had been closed. Wake County Superior Court Judge Kendra Hill denied BANA's foreclosure petition in an order filed 9 July 2015. In that order, the trial court found that there was insufficient evidence that plaintiffs had defaulted on their loan.
On 18 November 2015, plaintiffs filed a complaint against Smith, BANA, Rushmore, and U.S. Bank, N.A. as trustee for GMAT ("GMAT") (collectively, "defendants"). Plaintiffs alleged breach of contract, specifically the modification agreement, against GMAT and BANA; unfair trade practices and debt practices against BANA; and breach of contract against Smith. Plaintiffs also sought declaratory relief against Rushmore and GMAT, seeking to have the mortgage modified in compliance with the modification agreement.
On 26 January 2016, BANA filed a motion to dismiss plaintiffs' complaint, alleging the statute of limitations, and multiple reasons that plaintiffs failed to state a claim upon which relief could be granted. On 27 January 2016, Rushmore and GMAT collectively filed their answer, and on 8 March 2016, their motion to dismiss. On 24 February 2016, plaintiffs voluntarily dismissed their claim against Smith, with prejudice.
Defendants' motions to dismiss were heard in Wake County Superior Court on 30 March 2016. At this hearing, plaintiffs orally moved to amend their complaint. Specifically, plaintiffs' counsel argued:
So if the Court wants us to plead with more specificity exactly the charges, late fees, foreclosure fees that were added to the account, we can do that. We have the information through the foreclosure file, and we at least have some accounting through March 7th of 2013. I think we can generally allege beyond that, because we don't have that information, which is the-a consistent position of a Plaintiff when the other party has more information than we do. And that's what discovery is for, of course.
So for all these reasons-and if the Court has any questions about any issues in the complaint or the case law I've sent up, I hopefully have answered some questions in our brief as well-please ask, but we would respectfully request that the Court does not dismiss this complaint for failure to state a claim. And even if the Court were inclined to, I think we can plead additional facts, and we respectfully request the opportunity to amend the claim.
The trial court subsequently granted defendants' motions to dismiss, with prejudice. Plaintiffs' counsel then renewed the motion to amend, and requested leave to do so. The trial court sustained defendants' objections, denied plaintiffs' motion to amend, and entered a written order dismissing plaintiffs' complaint.
Plaintiffs appeal.
II. Motion to Dismiss
In their first, second, and third arguments, plaintiffs contend that the trial court erred in granting defendants' motions to dismiss plaintiffs' complaint. We disagree.
A. Standard of Review
"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback , 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).
"This Court must conduct a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Leary v. N.C. Forest Prods., Inc. , 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, aff'd per curiam , 357 N.C. 567, 597 S.E.2d 673 (2003).
B. Breach of Contract
First, plaintiffs contend that the trial court erred in dismissing plaintiffs' breach of contract claim, arguing that the statute of limitations had not yet run on that claim.
In North Carolina, "[c]laims of breach of contract, ... are all governed by a three-year statute of limitations." Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C. , 180 N.C. App. 257, 261, 636 S.E.2d 835, 839 (2006), aff'd , 362 N.C. 269, 658 S.E.2d 918 (2008) ; see also N.C. Gen. Stat. § 1-52(1) (2015). "The statute begins to run when the claim accrues; for a breach of contract action, the claim accrues upon breach." Miller v. Randolph , 124 N.C. App. 779, 781, 478 S.E.2d 668, 670 (1996). "A 12(b)(6) motion is an appropriate vehicle for dismissing a claim barred by the statute of limitations." Bowlin v. Duke Univ. , 119 N.C. App. 178, 183, 457 S.E.2d 757, 760 (1995).
The modification agreement, which forms the basis for plaintiffs' breach of contract claim, was executed on 19 January 2010. Plaintiffs' complaint, on its face, concedes that BAC's failure to implement the modification agreement was apparent early on:
Following the execution of the Modification Agreement, BAC did not adjust the Loan Account according to the Modification Agreement. BAC issued Plaintiffs sporadic mortgage statements that did not reflect the terms of the modification. When Plaintiffs called BAC to reconcile the mortgage statements received with the terms of the Modification Agreement, BAC representatives told Plaintiffs to pay $935.95 and BAC accepted said payments. Nevertheless, BAC charged late fees and other items to Plaintiffs' loan account as disclosed in "Exhibit DI."
Further, the complaint demonstrates that, as early as July of 2011, plaintiffs were aware that the modification agreement had not been implemented:
On information and belief, in or around July, 2011 BAC merged into BANA and BANA became the servicer for Plaintiffs' mortgage. As was the case with BAC, BANA issued Plaintiffs' sporadic monthly statements for the mortgage account, communicated with Plaintiffs' different monthly payment amounts to pay, and did not implement the modification agreement.
(Emphasis added.) Lastly, the complaint alleges that BANA "sent Plaintiffs a Notice of Default and Acceleration of the Mortgage Account" on 27 May 2012, and filed a foreclosure petition in September of 2012. Plaintiffs' complaint clearly alleges that breach occurred as early as July of 2011, and that the last allegedly violative act occurred in May or September of 2012. Plaintiffs' complaint was filed in November of 2015, more than three years after any alleged violation had occurred, and thus after the three year statute of limitations had expired. The 12(b)(6) motion was the appropriate vehicle to dismiss plaintiffs' claim based upon the expiration of the statute of limitations.
Plaintiffs nonetheless contend that the continuing wrong doctrine prevented the statute of limitations from running. Even assuming arguendo that BANA's conduct constituted a continuing wrong, however, plaintiffs' complaint fails to allege any wrongdoing that fell within the three year statute of limitations period. As such, the continuing wrong doctrine does not save this claim. We hold, therefore, that the trial court did not err in dismissing the breach of contract claim based upon the statute of limitations.
C. Unfair Trade Practices
Second, plaintiffs contend that the trial court erred in dismissing plaintiffs' unfair trade practices claim.
Article 1 of Chapter 75 of the North Carolina General Statutes contains the North Carolina Unfair Trade Practices statutes ("NCUTP"), which can be found at N.C. Gen. Stat. § 75-1.1 et seq. (2015). Article 2 of that Chapter deals with prohibited acts by debt collectors. "The specific and general provisions of [Article 2] shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article." Friday v. United Dominion Realty Trust, Inc. , 155 N.C. App. 671, 678, 575 S.E.2d 532, 536 (2003) (quoting N.C. Gen. Stat. § 75-56 (2001) ); see also N.C. Gen. Stat. § 75-56(a) (2015). In Friday , the plaintiff, a tenant, rented from the defendant, her landlord. This Court held that the defendant, as a landlord, was a debt collector, and held that "a debt collector who violates a provision of Article 2 and thereby violates G.S. § 75-1.1, is only subject to the damages and penalty provided for in Article 2, § 75-56 and is not subject to the damages provisions in Article 1." Friday at 678, 575 S.E.2d at 536-37.
Plaintiffs contend that they generally alleged violations of both NCUTP, and its law on prohibited acts by debt collectors. Friday makes clear that the latter is exclusive of the former. As such, even assuming that plaintiffs sufficiently alleged violations of both, a successful claim for violation of NCUTP was necessarily precluded by plaintiffs' claim for prohibited acts by debt collectors. Accordingly, the trial court did not err in dismissing plaintiffs' claim pursuant to NCUTP.
D. Unfair Debt Practices
Third, plaintiffs contend that the trial court erred in dismissing plaintiffs' unfair debt practices claim.
In their complaint, plaintiffs alleged violations of North Carolina law concerning prohibited acts by debt collectors. Specifically, plaintiffs alleged violations of N.C. Gen. Stat. §§ 75-54 and 75-55. In support of these allegations, plaintiffs' complaint pled that:
BAC and BANA's acts or omissions as stated in this Count constitute an unconscionable means of collecting a debt in violation of N.C. Gen. Stat. § 75-55 in that BANA has attempted to collect late payments and other fees that were unauthorized under the Modification Agreement since Plaintiffs were not in default. Moreover, BANA's failure to timely implement the Modification and dissemination of disinformation concerning the amount contractually due under the modification constitutes a deceptive representation prohibited by N.C. Gen. Stat. § 75-54.
N.C. Gen. Stat. § 75-54, concerning deceptive debt collection practices, provides that "[n]o debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation." N.C. Gen. Stat. § 75-54 (2015). N.C. Gen. Stat. § 75-55, concerning unconscionable means of debt collection, provides that "[n]o debt collector shall collect or attempt to collect any debt by use of any unconscionable means." N.C. Gen. Stat. § 75-55 (2015).
With respect to N.C. Gen. Stat. § 75-54, plaintiffs contend that this portion of the claim was brought specifically under subsection 4 of that statute, which concerns "[f]alsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding [.]" N.C. Gen. Stat. § 75-54(4). Plaintiffs' complaint, however, concerns BANA's "failure to timely implement the Modification and dissemination of disinformation concerning the amount contractually due[,]" not any statement made during a legal proceeding. Plaintiffs contend, nonetheless, that the use of the disjunctive "or" in the statute indicates that plaintiffs were not required to show false statements in a legal proceeding. We find plaintiffs' interpretation of the statute to be misguided. It is clear that the use of "or" in the statute refers to the types of statements which might be considered misleading: statements falsely representing the character, or extent, or amount of the debt, or the consumer's status. Yet to be applicable, such statements must be made "in any legal proceeding."
Our interpretation of this statute is not novel. Although it is not binding authority upon this Court, the United States District Court of the Eastern District of North Carolina has held that, where a plaintiff's complaint said nothing about a legal proceeding, that plaintiff failed to state a claim under N.C. Gen. Stat. § 75-54(4). Key v. Dirty S. Custom Sound & Wheels , 2009 U.S. Lexis 46907 at *4 (E.D.N.C. 2009) (citing Friday , 155 N.C. App. at 678-80, 575 S.E.2d at 537-38 ). Because plaintiffs' complaint failed to allege that any misrepresentations were made "in any legal proceeding," we hold that the trial court did not err in dismissing plaintiffs' claim pursuant to N.C. Gen. Stat. § 75-54.
With respect to N.C. Gen. Stat. § 75-55, plaintiffs contend that this portion of the claim was brought specifically under subsection 2 of that statute, which concerns "collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge." N.C. Gen. Stat. § 75-55(2). Plaintiffs contend that the monies sought by BANA were fees to which it was not legally entitled.
Once again, this is not entirely accurate. The original note securing the deed of trust provided that payments were to be made "on the first day of each month [,]" and that if payment was not made within fifteen days of being due, the lender was entitled to collect a late charge. The modification agreement did not change that date. With their complaint, plaintiffs included an itemization of their payments of the note, which showed that on multiple occasions, plaintiffs made their payments after the sixteenth of the month, which would entitle the lender to late fees. Nor does plaintiffs' complaint suggest that any late fees, other than those to which the lender would have been entitled for these months, were charged or collected. As such, plaintiffs' complaint fails to allege that BANA or any other lender charged or collected any fees to which it might not otherwise be entitled, and the trial court did not err in dismissing plaintiffs' complaint pursuant to N.C. Gen. Stat. § 75-55.
III. Motion to Amend
In their fourth argument, plaintiffs contend that the trial court erred in denying their motions to amend the complaint. We disagree.
A. Standard of Review
"A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse." Calloway v. Ford Motor Co. , 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).
B. Analysis
Plaintiffs contend that the trial court abused its discretion in denying their motions to amend the complaint.
Plaintiffs' desire to amend the complaint was raised at two different times during the proceeding below. In the first instance, before the trial court entered its ruling on the motions to dismiss, plaintiffs' counsel asserted:
[W]e would respectfully request that the Court does not dismiss this complaint for failure to state a claim. And even if the Court were inclined to, I think we can plead additional facts, and we respectfully request the opportunity to amend the claim.
The statement "I think we can plead additional facts" hardly rises to the level of a motion to amend. This Court has previously held that "plaintiffs' oral offer that they 'would be willing to amend the petition and get more facts' at the Rule 12(b)(6) hearing is not a sufficient request for leave to amend." Hunter v. Guardian Life Ins. Co. of Am. , 162 N.C. App. 477, 486, 593 S.E.2d 595, 602 (2004). In the instant case, as in Hunter , we hold that plaintiffs' expression of willingness to plead additional facts did not rise to the level of a motion to amend.
Plaintiffs' second expression of a desire to amend the complaint came after the trial court had ruled upon the motions to dismiss. This Court has held, however, that "[o]nce the trial court enters its dismissal under Rule 12(b)(6), plaintiff's right to amend under Rule 15(a) is terminated." Johnson v. Bollinger , 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987). Thus, this second assertion of a desire to amend the complaint came too late, and was barred by the trial court's ruling.
Because plaintiffs' first assertion of a desire to amend the complaint was "not a sufficient request for leave to amend," and their second assertion was terminated by the preceding ruling granting the motions to dismiss, we hold that the trial court did not abuse its discretion in denying plaintiffs' motion to amend the complaint.
AFFIRMED.
Report per Rule 30(e).
Judges McCULLOUGH and INMAN concur.