IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1289

Filed: 4 December 2018

Brunswick County, No. 14 CVS 1675

OCEAN POINT UNIT OWNERS ASSOCIATION, INC., a North Carolina non-profit corporation, Plaintiff,

v.

OCEAN ISLE WEST HOMEOWNERS ASSOCIATION, INC., a North Carolina non-profit corporation, Defendant.

Appeal by Defendant from judgment entered 15 June 2017 by Judge James G. Bell in Brunswick County Superior Court. Heard in the Court of Appeals 8 August 2018.

*Watts Law Group PLLC, by Susan A. Fine and S. Denise Watts, for the Plaintiff-Appellee.*

*McCoy Wiggins PLLC, by Richard M. Wiggins, for the Defendant-Appellant.*

DILLON, Judge.

Defendant Ocean Isle West Homeowners Association, Inc. (the "Homeowners HOA"), appeals from the trial court's judgment granting Plaintiff Ocean Point Unit Owners Association, Inc. (the "Condo UOA"), summary judgment. After careful review, we affirm in part and vacate and remand in part.

I. Background

This matter involves a property dispute on the western end of Ocean Isle. Ocean Isle is a narrow island running west to east. At the western (left) end lies twenty (20) single-family lots which are part of the Homeowners HOA. These lots are numbered Lots 1-20 from west (left) to east (right). Lot 20 is the eastern-most (rightmost) lot in the Homeowners HOA. Just to the east (to the right) of Lot 20 is Lot 21, which is not part of the Homeowners HOA. Rather, Lot 21 is a vacant lot owned by the Condo UOA. To the east (to the right) of Lot 21 is Lot 22. Lot 22 is a larger lot where the condominium units served by the Condo UOA are located. Lot 22 is not owned by the Condo UOA itself, but rather it is owned *in common* by the condominium unit owners.

The northern boundaries of the aforementioned lots are the northern shore of Ocean Isle. There is one road, Ocean Isle West Boulevard, which provides ingress and egress to all the lots on the western end of Ocean Isle. This road runs across the northern portion of each lot.

In 1999, the then-owner of Lot 21, the vacant lot currently owned by the Condo UOA, granted the Homeowners HOA a non-exclusive easement (the "Easement") on the western portion of Lot 21 along the road for the purpose of the installation and maintenance of a card gate facility. The Homeowners HOA desired to install the card gate facility to limit access to the western portion of Ocean Isle to only the Homeowners HOA residents and invited guests. The Homeowners HOA constructed

its card gate facility on the road approximately twenty-five (25) feet from the western border of Lot 21.  The owners of Lot 21 subsequently conveyed their interest in Lot 21 to the Condo UOA.

In June 2014, the Homeowners HOA moved its card gate facility about thirty (30) feet to the east along the road.  The keypad itself, though, was actually placed by the Homeowners HOA even further east on the road portion of Lot 22, where the condominiums themselves are located.



[1]

■ Original card gate facility     ▲ Second card gate facility     ● Gate access keypad for second card gate facility

---

[1]  Image adapted from Brunswick County GIS Data Viewer, found at: http://brunsco.maps.arcgis.com/apps/webappviewer/index.html?id=6df283e1aa634006baeedf6daac40d38&query=Parcels,PIN,107515634896.

Three months later, in September 2014, the Condo UOA filed this action seeking (1) a declaratory judgment regarding the rights and duties bestowed by the Easement, (2) an order directing the Homeowners HOA to move its new card gate facility off of land that the Homeowners HOA had no right to use, and (3) damages for the use of property outside the Easement area without permission. During the course of litigation, the Homeowners HOA failed to respond timely to discovery requests by the Condo UOA, and the trial court entered an order deeming each of the Condo UOA's Requests for Admission to be granted.

In June 2017, the trial court granted the Condo UOA's motion for summary judgment, ordering the Homeowners HOA to move the new card gate facility (gate and keypad) and to restrict the Homeowners HOA's use to the Easement area on the western side of Lot 21 and to repair any outstanding damage caused to Lots 21 and 22 by the installation and removal of the new card gate facility. The trial court also awarded punitive damages and attorney's fees to the Condo UOA.

The Homeowners HOA appeals.

## II. Analysis

On appeal, the Homeowners HOA "abandons any issue in this appeal as to whether it had the right to move the card gate to a different location within the easement," essentially conceding that it did not have the right to do so under the terms of the Easement. Rather, the Homeowners HOA contends that the issues

raised in the complaint and the respective governing statutes do not support the trial court's findings and conclusions regarding Lot 22, nor its awards of punitive damages and attorney's fees. We address each argument in turn.

### A. Lot 22

The Homeowners HOA challenges the portions of the trial court's order directing it to repair the damage caused by its placement of the new keypad onto *Lot 22*, the lot where the condominium units are situated. Specifically, the Homeowners HOA contends that the Condo UOA never mentioned Lot 22 in its complaint, nor did the Condo UOA show that it was a real party in interest regarding any claim pertaining to Lot 22. We disagree.

North Carolina follows the "notice theory" of pleading. "Under the notice theory of pleading, a statement of a claim is adequate if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand its nature and basis and to file a responsive pleading." *Pyco Supply Co. v. Am. Centennial Ins. Co.*, 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988). This simpler method of pleading is mindful of the "liberal opportunity for discovery and the other pretrial procedures" used in our trial process to narrow and refine the issues, claims, and facts relative to an action. *Id.* at 442-43, 364 S.E.2d at 384.

Here, it is true that the Condo UOA never specifically alleged in its complaint that part of the new card gate facility, namely the new keypad, was actually

constructed on Lot 22. But the Condo UOA clearly alleged in its complaint that the Homeowners HOA improperly moved the keypad eastward outside the Easement area without permission and that the Condo UOA wanted the keypad moved back to its original location, and that the Condo UOA wanted the Homeowners HOA to repair any damage caused to the property by the new card gate facility. Specifically, the Condo UOA alleged that the Homeowners HOA moved its card gate facility "approximately 30 (thirty) feet eastward . . . adjacent to the eastern property line of Lot 21[,]" which could be understood as the western property line of Lot 22. Also, the Condo UOA prayed the trial court to enter an order directing the Homeowners HOA to "repair any damage to the property caused by the installation and/or the removal of said gate." There is no ambiguity in the complaint as to the identity of the card gate facility which the Condo UOA alleges was wrongfully installed by the Homeowners HOA. Therefore, we conclude that the Condo UOA met the requirements of notice pleading with regard to the new keypad placed onto Lot 22.

Further, we conclude that the Condo UOA qualified as the "real party in interest" to bring the claim regarding any damage to Lot 22 caused by the new card gate facility, notwithstanding that the Condo UOA only owns Lot 21 and that Lot 22 is technically owned in common by the condominium unit owners themselves.[2] Our

---

[2] Our Condominium Act states that a development will not be considered a condominium under the Act "unless the undivided interests in the common elements are vested in the unit owners" themselves, and not in a separate association. N.C. Gen. Stat. § 47C-1-103(7) (2017).

Supreme Court has held that an association may sue in its own name on behalf of its members, so long as the association represents a joint interest "common to the entire membership, [or] shared by all in equal degree." *River Birch Assocs. v. City of Raleigh*, 326 N.C. 100, 130, 388 S.E.2d 538, 555 (1990) (quoting *Warth v. Seldin,* 422 U.S. 490, 515 (1975)).

> An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* (quoting *Hunt v. Washington State Apple Advert. Comm.,* 432 U.S. 333, 343 (1977)). It is undisputed here that the Condo UOA, which owns Lot 21, is the association for the condominium unit owners who own Lot 22. For instance, in the complaint, the Condo UOA alleged:

> 3. The members of the Plaintiff Association are the owners of units in Ocean Point, Phase 1, A Condominium, located in Ocean Isle Beach, Brunswick County, North Carolina, as condominium is shown and depicted on maps recorded in Condo Map 6, Pages 52-61 of the Brunswick County Registry, North Carolina, with the Declaration of Condominium being recorded in Book 734, at Page 548 of the Brunswick County Registry on the 10th day of June, 1988.

Defendant admitted this allegation in its answer. Additionally, a search of Condo Map 6, Pages 52-61, on the Brunswick County Registry reveals the property referred

to is Lot 22. There is nothing in the record which shows that any particular condominium unit owner was damaged differently than the other unit owners by the placement of the keypad onto Lot 22. Therefore, we conclude that the placement of the keypad onto the common area of Lot 22 affected the condominium unit owners equally such that the Condo UOA had standing to pursue the claim on behalf of the unit owners.

### B. Punitive Damages

The Homeowners HOA argues that the trial court erred "in granting plaintiff's request for summary judgment" regarding the award of punitive damages. We agree.

In its order, the trial court awarded the Condo UOA $10,000 in punitive damages. However, the trial court did not cite to any findings or otherwise explain upon what basis it was making the award.

We conclude that the trial court erred for two reasons. First, most basically, it is generally not appropriate for the trial court at the summary judgment stage to award punitive damages. *See Cockerham-Ellerbee v. Town of Jonesville*, 190 N.C. App. 150, 157, 660 S.E.2d 178, 182 (2008) (holding that punitive damages were not appropriate at summary judgment because whether clear and convincing evidence of willful and wanton conduct existed was a question for the jury.) Second, we cannot discern the basis for the award; the trial court did not indicate whether the award was based on a tort or other claim for which punitive damages might be available *or*

on the claim for declaratory relief or other claim for which punitive damages are generally not recoverable. *See Id.* at 154-56, 660 S.E.2d at 181-82. It simply decreed that punitive damages were awarded. Therefore, we vacate the portion of the trial court's order awarding punitive damages to the Condo UOA and remand the issue for further proceedings consistent with this opinion.

## C. Attorney's Fees

Lastly, the Homeowners HOA challenges the trial court's award of attorney's fees. In North Carolina, attorney's fees are taxable as costs only when expressly authorized by statute. *See City of Charlotte v. McNeely,* 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972).

Here, the trial court failed to state the statutory basis for its award or otherwise make appropriate findings to support its award of attorney's fees. *See, e.g., Owensby v. Owensby*, 312 N.C. 473, 476, 322 S.E.2d 772, 774 (1984) (holding that, in awarding attorney's fees, the trial court must "make findings of fact as to the nature and scope of legal services rendered, the skill and the time required upon which a determination of reasonableness of the fees can be based"). Rather, the only mention of the attorney's fees at all is in the decretal paragraph containing the award itself. We, therefore, vacate the trial court's award of attorney's fees. On remand, the trial court may revisit the issue but must make adequate findings of fact and conclusions of law to support any award of attorney's fees.

### III. Conclusion

We hold that the trial court did not err in ordering the Homeowners HOA to make all necessary repairs to Lot 22 resulting from movement of the card gate facility. The Condo UOA's pleadings adequately showed that it was a real party in interest with respect to Lot 22 and placed the Homeowners HOA on notice that it sought relief from all harm caused by movement of the card gate facility. And, on appeal, the Homeowners HOA expressly abandoned any issue as to whether it had the right to install the new card gate facility in the location where it made the installation.

We hold that the trial court did err in awarding punitive damages at the summary judgment stage. Therefore, we vacate the trial court's award of punitive damages and remand the issue for further proceedings for a trial on this issue.

Finally, we hold that the trial court erred in awarding the Condo UOA attorney's fees. Specifically, the trial court failed to state the basis for the award or to make appropriate findings necessary to support its award of attorney's fees. We, therefore, vacate the trial court's award of attorney's fees and remand the matter for reconsideration by the trial court. On remand, the trial court may consider additional evidence and make any new findings of fact and conclusions of law.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

Judges DAVIS and INMAN concur.