MARTIN COUNTY v. R. K. STEWART & SON, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. STATESVILLE ROOFING AND HEATING, INC. AND THE CELOTEX CORPORATION, THIRD PARTY DEFENDANTS

No. 822SC681

(Filed 16 August 1983)

Limitation of Actions § 4.6— subcontract—assumption of general contractor's obligations—statute of limitations

> Where the contract between the owner and general contractor was incorporated into a subcontract and the subcontractor expressly assumed the general contractor's obligations to the owner with respect to the work subcontracted, the trial court erred in dismissing the general contractor's third party claim against the subcontractor on the ground that the subcontract was not under seal and work under the subcontract was completed more than three years before the suit was brought, since, if the general contractor was contractually bound to the owner because of the subcontract work, then the subcontractor was to the same degree and extent still bound to the general contractor.

APPEAL by defendant R. K. Stewart & Son, Inc. from *Small, Judge.* Order entered 24 May 1982 in Superior Court, MARTIN County. Heard in the Court of Appeals 11 May 1983.

On June 2, 1970, defendant Stewart, a general building contractor, agreed to build a hospital building for plaintiff. A few days later, Stewart subcontracted the roofing part of the project to Statesville Roofing and Heating, Inc. The completed building was turned over to plaintiff in October, 1972.

On August 26, 1981, plaintiff sued Stewart for damages caused by Stewart's failure to construct the hospital roof according to specifications. In the complaint, plaintiff alleged that the contract sued on was under seal, which allegation was denied by Stewart. That contract is not in the record.

Stewart, as a third party plaintiff, then joined and sued Statesville Roofing, alleging that if it is liable to plaintiff then

Statesville is liable to it under its contract to do the roofing work in accord with the original contract and specifications. In answering, Statesville pleaded the three-year statute of limitations, and later moved for summary judgment on that basis, attaching to the motion a copy of the subcontract, which is not under seal, and an affidavit showing that the work required by the subcontract was completed in January, 1972.

After a hearing on the motion, an order granting summary judgment was allowed and Stewart's claim against Statesville was dismissed.

*Byerly & Byerly, by Steven E. Byerly and W. B. Byerly, Jr., for defendant appellant R. K. Stewart & Son, Inc.*

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for defendant appellee Statesville Roofing and Heating, Inc.*

PHILLIPS, Judge.

Statesville's legal obligations to Stewart in this case depend not upon the facts that the contract between Stewart and Statesville is not under seal and Statesville completed its work on the roof more than three years before suit was brought, as decided by the trial court, but upon the following provisions of their contract:

## ARTICLE 1

### THE CONTRACT DOCUMENTS

The Contract Documents for the Subcontract consist of this Agreement and any Exhibits attached hereto, the Agreement between the Owner and Contractor dated June 5, 1970, the Conditions of the Contract between the Owner and Contractor (General, Supplementary and other Conditions), Drawings, Specifications, all Addenda issued prior to execution of the Agreement between the Owner and Contractor, and all Modifications issued subsequent thereto, Including Addenda G-1 and G-2; Page 2-A inserted herein; Exhibits "A", "B" and "C" attached. All of the above documents, which form the Contract between the Owner and Contractor, are a part of this Subcontract and shall be available for inspection by the Subcontractor upon his request.       *   *   *

ARTICLE 11

SUBCONTRACTOR'S RESPONSIBILITIES

11.1 The Subcontractor shall be bound to the Contractor by the terms of this Agreement and of the Contract Documents between the Owner and Contractor, and shall assume toward the Contractor all the obligations and responsibilities which the Contractor, by those Documents, assumes toward the Owner, and shall have the benefit of all rights, remedies and redress against the Contractor which the Contractor, by those Documents, has against the Owner, insofar as applicable to this Subcontract, provided that where any provision of the Contract Documents between the Owner and Contractor is inconsistent with any provision of this Agreement, this Agreement shall govern.

Because of these contract provisions, the enforceability of Stewart's claim against Statesville cannot be determined by merely examining the subcontract for a seal and counting the years that have passed, numerous though they have been. By incorporating into their contract another contract and several other contract documents, as was expressly and deliberately done, the parties bound and subjected themselves to all the provisions that those several instruments contain. *Booker v. Everhart*, 294 N.C. 146, 240 S.E. 2d 360 (1978). What those provisions are, what obligations were created by them, how long they extended, and what statute of limitations applies to them, we have no way of knowing, since none of these papers are in the record before us. Thus, the absence of any genuine issue of fact between the parties at this time can only be surmised or guessed at; it has not been established. *Burton v. Kenyon*, 46 N.C. App. 309, 264 S.E. 2d 808 (1980).

But more directly conclusive of this appeal are the Subcontractor's Responsibilities quoted above. A plainer example of a subcontractor expressly assuming and being responsible for all of a building contractor's obligations to the owner with respect to the work subcontracted can scarcely be imagined. What those obligations are, we do not know, but what this part of the subcontract means is quite clearly that: *If*, after all this time, Stewart is *contractually* obligated to Martin County because of the roofing job that Statesville did, then Statesville is to the same degree

and extent still bound to Stewart; and if Stewart has no further obligation to the plaintiff because of the roof, Statesville has none to Stewart. That we do not now know whether that contract was under seal, or that Statesville denied in its answer that it was, is beside the point at this juncture. Statesville was at liberty under our law to contract as it did and is bound thereby. *Troitino v. Goodman*, 225 N.C. 406, 35 S.E. 2d 277 (1945). Having expressly assumed all of Stewart's contract obligations to Martin County because of the roof, Statesville cannot avoid those obligations by pointing to the absence of a seal on its own subcontract; it must await and abide by the outcome of the suit involving Stewart's contract with Martin County. Thus, the dismissal of Stewart's claim against Statesville was both premature and erroneous.

Reversed.

Judges HILL and JOHNSON concur.