CANDID CAMERA VIDEO WORLD, INC., IOWA NATIONAL MUTUAL INSURANCE COMPANY, THE HOME INSURANCE COMPANIES AND BORG-WARNER ACCEPTANCE CORPORATION, PLAINTIFFS-APPELLANTS v. ROBIN M. MATHEWS AND S. L. NUSBAUM & COMPANY, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS-APPELLEES v. MODENE C. GILBERT, EXECUTRIX OF THE ESTATE OF CHARLES G. GILBERT, SR., AND MODENE GILBERT, INDIVIDUALLY AND SEVERALLY, TRADING AS CANDID CAMERA, THIRD-PARTY DEFENDANTS-APPELLANTS

No. 8418SC1304

(Filed 17 September 1985)

Indemnity § 2; Landlord and Tenant § 6; Principal and Agent § 11— indemnification and exculpatory clauses in lease—no exoneration of lessor's agents

Indemnification and exculpatory clauses in a lease between plaintiff and a mall owner did not exonerate the corporate mall manager and its employee, as agents of the owner, from liability for damages caused by their negligence. Therefore, plaintiff is entitled to a trial on the issue of negligence by the mall manager and its employee in the loss by theft of items from plaintiff's store.

APPEAL by plaintiff from *Washington, Judge.* Judgment entered 25 October 1984 in GUILFORD County Superior Court. Heard in the Court of Appeals 20 August 1985.

Plaintiff Candid Camera Video World, Inc. is a North Carolina corporation doing business in High Point Mall. After a theft of valuable items from its store, plaintiff instituted this action to recover damages from S. L. Nusbaum & Company, Inc., manager of the mall, and its employee, Robin M. Mathews, alleging that the loss was due to the negligence of these defendants. The Equitable Life Assurance Society of the United States is the owner of the mall and is not a party to this action.

Defendants moved for summary judgment on the grounds that plaintiff's lease with Equitable entitled the defendants to be exculpated and indemnified from any damages due to negligence of the defendants, and that defendants were not in fact negligent.

Judge Washington's judgment, entered 25 October 1984, denied summary judgment on the issue of negligence, but granted summary judgment to defendants on the lease provisions, thereby dismissing plaintiff's action with prejudice. Plaintiff appealed.

*Tuggle, Duggins, Meschan & Elrod, by J. Reed Johnston, Jr. and Joseph F. Brotherton, for plaintiffs and third-party defendants-appellants.*

*Smith Moore Smith Schell & Hunter, by Robert A. Wicker and Catherine C. Eagles, for defendants and third-party plaintiffs-appellees.*

WELLS, Judge.

Summary judgment should be granted when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Ipock v. Gilmore*, 73 N.C. App. 182, 326 S.E. 2d 271 (1985). Here the relevant lease provisions constitute all the material facts; therefore, the sole question is whether either party is entitled to judgment as a matter of law. *See Old Dominion Distributors v. Bissette*, 56 N.C. App. 200, 287 S.E. 2d 409 (1982).

The issue of law before this Court concerns application to defendants of the exculpatory and indemnification clauses found in the lease between Candid Camera and Equitable.

The relevant clauses read:

17. TENANT'S INDEMNIFICATION AND LIABILITY INSURANCE.

(a) Tenant agrees that it will hold Landlord harmless from any and all injury or damage to person or property in, on or about the Leased Premises. . . .

(b) Landlord shall not be liable for any damage to persons or property sustained in or about the Leased Premises during the term hereof, howsoever caused.

Though there has been some confusion to the contrary, the law with respect to exculpatory clauses is different from that with respect to indemnification clauses.

There is a distinction between contracts whereby one seeks to wholly exempt himself from liability for the consequences of his negligent acts, and contracts of indemnity against liability imposed for the consequences of his negligent acts. The contract in the instant case is of the latter class and is more favored in law.

*Kirkpatrick & Assoc. v. Wickes Corp.*, 53 N.C. App. 306, 280 S.E. 2d 632 (1981), *citing Gibbs v. Light Co.*, 265 N.C. 459, 144 S.E. 2d 393 (1965).

The "hold harmless" language of clause 17(a) indicates that this is an indemnification clause. *See Kirkpatrick & Assoc. v. Wickes Corp., supra.* In interpreting a contract of indemnity, the court should give effect to the intention of the parties. *Triplett v. James*, 45 N.C. App. 96, 262 S.E. 2d 374, *disc. rev. denied*, 300 N.C. 202, 269 S.E. 2d 621 (1980). But where the contractual language is clear and unambiguous, the court must interpret the contract as written. *Renfro v. Meacham*, 50 N.C. App. 491, 274 S.E. 2d 377 (1981). Indemnity against negligence must be made unequivocally clear in the contract, particularly in a situation where the parties have presumably dealt at arm's length. *Cooper v. Owsley & Son, Inc.*, 43 N.C. App. 261, 258 S.E. 2d 842 (1979).

Defendants contend that intent to include them is expressed by a clause in the lease granting all burdens and benefits of the parties to their "respective personal representatives, heirs, successors and . . . assigns." The foregoing quoted language includes only those who may succeed to Equitable's ownership interest and does not include agents or those who purport to be agents of Equitable. There is nothing in the lease that demonstrates an "unequivocal" intent of Equitable and Candid Camera to include defendants under the indemnification clause. On the contrary, the preamble to and clause 25 of the lease clearly denote Equitable as "Landlord":

THIS DEED OF LEASE (herein called LEASE), Made this 20th day of February, 1981 by and between THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a New

York Corporation having its principal place of business at 1285 Avenue of the America [sic], New York, N. Y., 10019 ("Landlord"). . . .

25. . . . The term "Landlord" as used in this lease, so far as covenants or agreements on the part of the Landlord are concerned, shall be limited to mean and include only the owner or owners of the Landlord's interest in this lease. . . .

The lease as written clearly indicates that "Landlord" means Equitable alone, to the exclusion of all others.

Defendants cite Restatement (Second) of Agency §§ 343, 347 (1957) for the proposition that an agent may benefit from a contract lowering the standard of care of its employer. This was also called the "apparent New York rule" by the Second Circuit in *Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F. 2d 800 (2d Cir. 1971). The "New York rule" has been derogated by that court as derived "almost exclusively" from the Restatement. *Rupp v. International Terminal Operating Co., Inc.*, 479 F. 2d 674 (2d Cir. 1973). This rule is an anomaly among the states and defendant can cite no authority to support it in North Carolina. We will not apply it in this case.

General principles of the law of agency lend no aid to defendants' position. "[A]n agent is liable for all damages caused by his negligence, unless exonerated therefrom, in whole or in part, by a statute or a valid contract binding on the person damaged." *Herd & Co. v. Krawill Machinery Corp.*, 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed. 2d 820 (1959). *Accord, Picker v. Searcher's Detective Agency*, 515 F. 2d 1316 (D.C. Cir. 1975); *see also Trust Co. v. R.R.*, 209 N.C. 304, 183 S.E. 620 (1936).

The exculpatory clause must be even more strictly construed than the indemnification clause. *Kirkpatrick & Assoc. v. Wickes Corp., supra.* For the above reasons, defendants are not protected by either the exculpatory or indemnification clause. In the appropriate case, summary judgment may be rendered against the moving party. *Greenway v. Insurance Co.*, 35 N.C. App. 308, 241 S.E. 2d 339 (1978). Because we hold that there is no genuine issue of material fact and that plaintiffs are entitled to judgment as a matter of law, summary judgment on this issue is reversed as to defendants and the case is remanded with instructions to enter

summary judgment for plaintiff on this issue and for trial on the issue of defendants' negligence.

Defendants also attempt to appeal from the trial court's denial of their motion for summary judgment on the issue of negligence. The denial of a motion for summary judgment is not appealable and is not properly before this Court. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983).

Reversed and remanded.

Chief Judge HEDRICK and Judge PHILLIPS concur.