PAUL B. WILLIAMS, INC. v. SOUTHEASTERN REGIONAL MENTAL
HEALTH CENTER

No. 8712SC910

(Filed 5 April 1988)

**Landlord and Tenant § 5— lease of copiers—failure to repair—substantial breach
by lessor**

> The evidence and findings were sufficient to support the trial court's con-
> clusion that plaintiff materially breached the terms of lease agreements for
> copiers by failing reasonably to repair and maintain the copiers and thereby
> lost its right to enforce the agreements against defendant.

APPEAL by plaintiff from *D. B. Herring, Jr., Judge.* Judg-
ment entered 24 July 1987 in Superior Court, CUMBERLAND Coun-
ty. Heard in the Court of Appeals 1 March 1988.

*Nance, Collier, Herndon, Guthrie & Jenkins, by Joel S.
Jenkins, Jr., for plaintiff-appellant.*

*Lee and Lee, by J. Stanley Carmical, for defendant-appellee.*

BECTON, Judge.

Plaintiff, Paul B. Williams, Inc. (PBW), brought this action
against defendant, Southeastern Regional Mental Health Center
(Southeastern), to recover damages for breach of eleven equip-
ment rental agreements. The Complaint alleged, in pertinent part,
that the parties had entered into contracts whereby Southeastern
leased eleven Savin copy machines from PBW, that Southeastern
had cancelled all of the lease agreements prior to the expiration
of each lease term without proper notice, and that, pursuant to
the terms of the contracts, PBW was entitled to recover from
Southeastern an early termination penalty calculated as the re-
maining monthly rental charges due under the current term of
each lease. In its Answer, Southeastern denied that its cancella-
tion notice was not timely and alleged, by way of defense, that
PBW had breached the contracts by failing to maintain the leased
copiers in operating condition and by failing to respond in a time-
ly fashion to requests for service.

By stipulation of the parties, the matter was tried without a
jury. Following the presentation of evidence by both parties, the
trial court made findings, concluded as a matter of law that both

parties had materially breached the terms of the lease agreements, and entered judgment in favor of Southeastern. PBW appeals. We affirm.

Although the trial court found a breach of contract by both parties, the sole issue on appeal is whether the trial court correctly ruled that PBW materially breached the lease agreements and thereby lost its right to enforce the contracts against Southeastern. PBW challenges, as unsupported by the evidence, findings by the trial judge (1) that the meter readings on some of the copiers at the time of installation "appear to be very high"; (2) that during the terms of the lease agreements, the quality of the copies produced by the leased machines was less than reasonable copy quality or the quality desired by Southeastern; (3) that many of the copiers were out of service on frequent occasions, and that at least fifty-one service calls were made by PBW during the contract periods; (4) that frequent complaints regarding copy quality, problems, and service delays were relayed by Southeastern to PBW; and (5) that despite Southeastern's repeated complaints, PBW failed to reasonably repair and maintain the copiers as required by the terms and conditions of the lease agreements.

Although the question of the sufficiency of the evidence to support the findings may be raised on appeal, the appellate courts are bound by the trial judge's findings of fact if there is some evidence to support them, even though the evidence might sustain findings to the contrary. *In re Montgomery*, 311 N.C. 101, 316 S.E. 2d 246 (1984); *Lyerly v. Malpass*, 82 N.C. App. 224, 346 S.E. 2d 254 (1986), *cert. denied*, 318 N.C. 695, 351 S.E. 2d 748 (1987). Moreover, when findings that are supported by competent evidence are sufficient to support a judgment, that judgment will not be disturbed on appeal even though another finding, which is unnecessary to the conclusion, is erroneous or unsupported by the evidence. *See Wachovia Bank and Trust Co. v. Bounous*, 53 N.C. App. 700, 281 S.E. 2d 712 (1981); *Dawson Industries, Inc. v. Godley Construction Co.*, 29 N.C. App. 270, 224 S.E. 2d 266 (1976).

At trial, Elizabeth Odom, purchasing agent for Southeastern, testified, in pertinent part, that she had many complaints with the service by PBW and with the quality of the copies from the leased copiers, that there was a problem with servicemen coming out on a day's notice, and that some of the machines would be

serviced more than twice in the same week. Employees at various branch offices of Southeastern had complained to her about the copy quality and service, and she had passed those complaints to PBW. Odom further testified that she had on one occasion voiced to Dewey Bordeaux, branch manager for PBW's Fayetteville office, a threat to cancel the contract because of the problems, and that dissatisfaction led her to solicit bids for new equipment and eventually to award a new contract to another dealer.

Furthermore, under the express terms of the eleven written contracts, copies of which were offered in evidence by PBW, PBW agreed to make, during regular business hours, all necessary repairs to the equipment. Dewey Bordeaux, who testified on behalf of PBW, conceded, on cross-examination, that failure by PBW to repair or service the machines within a reasonable time would work a hardship upon and disrupt the business of Southeastern and would constitute a breach of the lease contracts.

In our view, the foregoing and other competent evidence in the record is sufficient to support the last four findings of fact challenged by PBW, despite the existence of other evidence in the record which might sustain findings to the contrary. Furthermore, we deem it unnecessary to address PBW's challenge to the finding of fact concerning the meter readings on the copiers at the time of their installation since, assuming *arguendo* that finding is unsupported by the evidence, the other properly supported findings of the trial court are sufficient, in our view, to support a conclusion that PBW materially breached the terms of the lease agreements by failing to reasonably repair and maintain the copiers.

The general rule governing bilateral contracts provides that if either party to the contract is materially in default with respect to performance of his obligations under the contract, the other party should be excused from the obligation to perform further. *See Coleman v. Shirlen*, 53 N.C. App. 573, 577-78, 281 S.E. 2d 431, 434 (1981); 6 S. Williston, *A Treatise on the Law of Contracts* Secs. 813, 814 (3rd ed. 1967). Accordingly, the judgment in favor of Southeastern is

Affirmed.

Judges ARNOLD and PARKER concur.