LEE MILLER, JR. v. PAUL RANDOLPH AND RANDOLPH ENTERPRISES OF PITT COUNTY, INC.

No. COA96-291

(Filed 17 December 1996)

**Limitations, Repose, and Laches § 55 (NCI4th)— breach of employment contract—three-year statute of limitations**

The trial court committed reversible error in dismissing plaintiff's civil action against his employer to recover a commission and bonus under his contract of employment by applying N.C.G.S. § 1-55(1), which provided a six-month statute of limita-

tions for civil actions involving written transfers of future or unearned employment compensation claims, rather than N.C.G.S § 1-52(1), the three-year statute of limitations for breach of contract actions.

**Am Jur 2d, Master and Servant §§ 74, 84.**

**Employee's rights with respect to compensation or bonus where he continues in employer's service after expiration of contract for definite term. 53 ALR2d 384.**

**Comment note on promise by employer to pay bonus as creating valid and enforceable contract. 43 ALR3d 503.**

Appeal by plaintiff from order entered 17 January 1996 by Judge Quentin T. Sumner in Pitt County Superior Court. Heard in the Court of Appeals 20 November 1996.

*Everett, Warren, Harper & Swindell, by Stephen D. Kiess, for plaintiff-appellant.*

*Horne and Brown, L.L.P., by Stephen F. Horne, II, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff commenced this action on 11 July 1995. In his complaint and amended complaint, plaintiff alleged he had entered into an employment contract with defendants to work as site construction manager. Pursuant to this employment contract, plaintiff's compensation included a weekly salary of $400, a commission of one percent (1%) of the sales price of any new house upon which plaintiff worked, and an additional bonus upon completion of the tenth house upon which plaintiff worked.

Plaintiff alleged that he began work in January, 1994, and assisted in the construction of thirteen new homes, all of which were eventually sold. He alleged that his employment with defendant was terminated in September 1994, and that defendants did not pay him the commission and bonus to which he was entitled.

Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, contending the action was barred by the six month statute of limitations contained in G.S. § 1-55(1). Defendant's motion to dismiss was granted. Plaintiff appeals.

Plaintiff contends the trial court committed reversible error by ruling that this civil action was time barred by G.S. § 1-55(1), the six-month statute of limitations for civil actions involving written transfers of future or unearned employment compensation claims, rather than G.S. § 1-52(1), the three-year statute of limitations for breach of contract actions. We agree.

The trial court applied G.S. § 1-55(1) to the allegations of the complaint and dismissed the action because it was brought more than six months after plaintiff entered into the contract of employment. G.S. § 1-55(1) provides for a six-month statute of limitations "[u]pon a contract, . . . or other instrument transferring or affecting unearned salaries or wages, or future earnings, or any interest therein, whether said instrument be under seal or not under seal. The above period of limitations shall commence from the date of the execution of such instrument." Defendants contend the trial court ruled correctly because G.S. § 1-55(1) should be properly construed as applying to "a contract . . . affecting . . . wages or any interest therein . . . ." We disagree.

A correct reading of G.S. § 1-55(1) makes clear that "unearned" is a modifier for both "salaries" and "wages," so that the statute is properly read as applying to "a contract . . . affecting . . . unearned salaries or unearned wages . . . ." Application of G.S. § 1-55(1) requires three elements: (1) an instrument transferring or assigning some right to or interest in (2) unearned or future employment compensation (3) to a third party. None of these elements appear in the allegations of plaintiff's complaint or amended complaint; the provisions of G.S. § 1-55(1) do not apply to this breach of contract action.

Limitations of actions for breach of contract are governed by G.S. § 1-52(1), the three-year statute of limitations, which applies to actions "[u]pon a contract, obligation or liability arising out of a contract, express or implied, . . ." with exceptions not pertinent to this case. The statute begins to run when the claim accrues; for a breach of contract action, the claim accrues upon breach. *See Abram v. Charter Medical Corp. of Raleigh*, 100 N.C. App. 718, 398 S.E.2d 331 (1990), *disc. review denied*, 328 N.C. 328, 402 S.E.2d 828 (1991) (three-year statute of limitations for contract actions); *Burkhimer v. Gealy*, 39 N.C. App. 450, 250 S.E.2d 678, *disc. review denied*, 297 N.C. 298, 254 S.E.2d 918 (1979) (breach of contract action regarding "commissions, overrides, infringement of territory, and fringe benefits," held three-year statute of limitations applies beginning from date of

breach for contract actions); *Glover v. First Union National Bank*, 109 N.C. App. 451, 428 S.E.2d 206 (1993) (three-year statute of limitations for employment-related retirement benefits claim).

Plaintiff alleged "defendants entered into an employment contract with plaintiff . . ."; that plaintiff's employment was terminated in September 1994; and that "[d]efendants did not pay plaintiff the commissions due on 12 of the homes upon which plaintiff worked; defendants never paid plaintiff the agreed upon bonus beginning with the 10th house upon which plaintiff worked." Although the date of breach is not necessarily the date of termination, *Burkhimer*, 39 N.C. App. 450, 250 S.E.2d 678, this action was clearly brought within three years of defendants' breach of their contract with plaintiff, and thus plaintiff's claim is not barred by the statute of limitations. The judgment dismissing this action is reversed and this cause is remanded to the trial court for further proceedings.

Reversed and remanded.

Judges GREENE and WYNN concur.