SCHENKEL & SHULTZ, INC., FORMERLY KNOWN AS SCHENKEL & SHULTZ, ARCHITECTS, P.A., PLAINTIFF v. HERMON F. FOX & ASSOCIATES, P.C., DEFENDANT

No. COA05-1604

(Filed 21 November 2006)

## 1. Statutes of Limitation and Repose— negligence—professional malpractice—breach of contract—breach of warranty

The trial court did not err by granting summary judgment in favor of defendant engineering firm on plaintiff architectural firm's claims for negligence, professional malpractice, breach of contract, and breach of warranty in the structural steel design for a school based on expiration of the applicable three-year statute of limitations, because: (1) the date of the accrual of a cause of action is deemed to be the date of discovery of the defective or unsafe condition of a structure; (2) the discovery rule which sometimes operates to extend the statute of limitations is intended to apply in situations where the injury becomes apparent only after some delay, or the claimant might be somehow prevented from realizing the injury; and (3) plaintiff was promptly notified of defendant's alleged negligence and malpractice and was on notice of a possible breach beginning in the spring of 2001, and the 8 May 2001 and 9 August 2001 letters (indicating that plaintiff knew or had reason to know of the harm done to the project and the resulting breach of the underlying contract and warranty) fall outside of the three-year statute of limitations for the direct claims alleged in its complaint filed on 1 October 2004.

## 2. Indemnity— express contract—summary judgment

The trial court erred by granting summary judgment in favor of defendant engineering firm on plaintiff architectural firm's claim of a right to express contractual indemnity, because: (1)

viewing the evidence in the light most favorable to plaintiff, the record indicated that a genuine issue of material fact remains as to whether the contract expressly provides, through its incorporation by reference of a separate contract, for the right to indemnity; (2) when an agreement is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the trier of fact like in this case where ambiguity remains as to the intention of the parties with respect to indemnity; and (3) North Carolina follows the general rule that a cause of action on an obligation to indemnify normally accrues when the indemnitee suffers actual loss, and plaintiff filed its claim for indemnity before the school board instituted its action against plaintiff for costs and damages incurred as a result of steel design errors with the action pending in federal court, meaning the statute of limitations has not yet tolled against plaintiff for its claim for indemnity against defendant.

**3. Indemnity— implied-in-law—implied-in-fact—summary judgment**

The trial court did not err by granting summary judgment in favor of defendant engineering firm on plaintiff architectural firm's claims for indemnity implied-in-law or indemnity implied-in-fact, because: (1) in the context of independent contractor relationships, a right of indemnity under a contract implied-in-fact is inappropriate where, as here, both parties are well-equipped to negotiate and bargain for such provisions; and (2) in regard to indemnity implied-in-law, a party must be able to prove each of the elements of an underlying tort such as negligence, and the record reveals no such evidence.

**4. Contracts— breach—counterclaim—summary judgment**

The trial court erred by granting summary judgment in favor of defendant engineering firm on defendant's breach of contract counterclaim for payment allegedly due from plaintiff architectural firm for defendant's design of the structural steel for a school because: (1) the general rule regarding bilateral contracts provides that if either party to the contract is materially in default with respect to performance of his obligations under the contract, the other party should be excused from the obligation to perform further; (2) the record contained substantial evidence that defendant's steel design was defective, including numerous letters offered as exhibits that demonstrated various parties' concern with the structural integrity of defendant's steel design; and

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

(3) a genuine issue of material fact exists whether defendant breached its contract with plaintiff by supplying a defective structural steel design for the project.

Judge Tyson concurring in part, dissenting in part.

Appeal by Plaintiff from order entered 25 February 2005 by Judge Forrest Donald Bridges and order entered 8 August 2005 by Judge Timothy Kincaid in Superior Court, Mecklenburg County. Heard in the Court of Appeals 22 August 2006.

> *Kennedy Covington Lobdell & Hickman, LLP, by Kiran H. Mehta and Samuel T. Reaves, and Hamilton Martens Ballou & Sipe, LLC, by Herbert W. Hamilton, for plaintiff-appellant.*

> *Hamilton Moon Stephens Steels & Martin, PLLC, by David G. Redding and Adrianne Huffman Colgate, for defendant-appellee.*

WYNN, Judge.

A right to indemnity may rest on the express contractual provisions between two parties and would therefore be triggered by a breach of that contract.[1] Because we find a genuine issue of material fact remains as to whether the contract in this case did, in fact, expressly provide for the indemnification of Plaintiff Schenkel & Shultz, Inc. by Defendant Hermon F. Fox & Associates, P.C., we reverse the trial court's grant of summary judgment as to Plaintiff's indemnity claim.

We further find that a genuine issue of material fact remains as to whether Fox & Associates did, in fact, breach its contract with Schenkel & Shultz, and also reverse as to Fox & Associates's counterclaim. However, because we conclude that Schenkel & Shultz knew or should have known of its injury more than three years before filing its direct claims of negligence and professional malpractice, breach of contract, and breach of warranty, we affirm the trial court's grant of summary judgment in favor of Fox & Associates on those claims.

On 24 November 1998, the Charlotte-Mecklenburg Board of Education ("the school board") contracted with Schenkel & Shultz to design a new vocational high school. The contract required Schenkel

---

1. *See Kaleel Builders, Inc. v. Ashby,* 161 N.C. App. 34, 38, 587 S.E.2d 470, 474 (2003), *disc. review denied,* 358 N.C. 235, 595 S.E.2d 152 (2004).

& Shultz to retain outside consultants or engineers to prepare certain portions of the work, if Schenkel & Shultz did not possess the in-house expertise necessary for the task. In April 1999, Schenkel & Shultz contracted with Fox & Associates to provide structural steel design for the school. Drawings prepared by Fox & Associates were incorporated into the final construction plans submitted to the school board, and construction commenced in the fall of 2000.

In the spring of 2001, contractors, subcontractors, and other consultants began to question the adequacy of the structural steel design prepared by Fox & Associates, who, after being notified of the issues, reviewed its design and determined certain errors had occurred. Thereafter, Fox & Associates prepared and submitted remedial designs, which required additional work by the steel fabricators and erectors on-site to correct the errors. As a result, several multi-prime contractors incurred increased costs and invoiced the school board for payments exceeding three million dollars.

On 3 October 2001, the school board sent Schenkel & Shultz a letter stating that Schenkel & Shultz would be "held responsible for the cost of corrective work along with the cost required to accelerate the schedule due to delays caused by the corrective work." The following day, Schenkel & Shultz notified Fox & Associates by letter that it would "look to [Fox & Associates] and [its] insurance carrier for full restitution of this cost."

On 5 February 2002, Schenkel & Shultz sent Fox & Associates another letter asserting that it intended to hold Fox & Associates liable for any damages associated with deficiencies in the structural steel design. Additionally, Schenkel & Shultz maintained that, "Pursuant to the . . . agreement between [Schenkel & Shultz and Fox & Associates] . . ., [Schenkel & Shultz] hereby demands that [Fox & Associates] defend, indemnify and hold harmless [Schenkel & Shultz] in connection with any such claims."

After failed mutual attempts to resolve the matter out of court, Schenkel & Shultz brought an action against Fox & Associates on 1 October 2004, alleging negligence and professional malpractice, breach of contract, breach of warranty, and indemnification. In response, Fox & Associates moved to dismiss and counterclaimed for breach of contract due to failure to pay, and thereafter moved for judgment on the pleadings. The school board, in turn, brought an action against Schenkel & Shultz for negligence and professional

malpractice, breach of contract, and breach of warranty, on 29 December 2004.[2]

On 25 February 2005, after converting Fox & Associates's motion to dismiss to a motion for summary judgment, the trial court granted summary judgment to Fox & Associates and dismissed with prejudice Schenkel & Shultz's direct claims for negligence and professional malpractice, breach of contract, and breach of warranty, finding that such claims were barred by the statutes of limitations. Thereafter, Fox & Associates moved for summary judgment as to Schenkel & Shultz's remaining claim for indemnification and its own counterclaim for breach of contract. On 9 August 2005, the trial court granted Fox & Associates's motion as to both claims and ordered Schenkel & Shultz to pay Fox & Associates the contractual amount.

Schenkel & Shultz now appeals both orders of summary judgment, arguing that the trial courts erred by (I) dismissing its direct contract, tort, and warranty claims on the basis of the statutes of limitations; (II) granting summary judgment to Fox & Associates on the claim for indemnification; and, (III) granting summary judgment to Fox & Associates on its counterclaim for breach of contract.

I.

[1] Schenkel & Shultz first argues the trial court erred by holding that the applicable statutes of limitations barred its direct claims under contract, tort, and warranty. We disagree.

Claims of breach of contract, negligence and professional malpractice, and breach of warranty are all governed by a three-year statute of limitations. *See* N.C. Gen. Stat. § 1-52(1) (2005) (breach of contract); N.C. Gen. Stat. § 1-52(5) (2005) ("any other injury to the person or rights of another, not arising on contract and not hereafter enumerated"); N.C. Gen. Stat. § 1-52(16) (2005) ("for personal injury or physical damage to claimant's property"). In most cases, the statute of limitations begins to run when the claim accrues, which generally occurs at the time of the breach. *See Miller v. Randolph*, 124 N.C. App. 779, 781, 478 S.E.2d 668, 670 (1996) ("The statute begins to run when the claim accrues; for a breach of contract action, the

---

2. This case was removed to federal court on 17 February 2005. Schenkel & Shultz filed a third-party complaint against Fox & Associates in the action, and the district court dismissed that complaint following the two entries of summary judgment against Schenkel & Shultz on its four actions against Fox & Associates in state court. *See Charlotte-Mecklenburg Bd. of Educ. v. Schenkel & Shultz, Inc.*, No. 3:05-CV-69, 2006 WL 1642140 (W.D.N.C. 2006).

claim accrues upon breach."); *see also Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 44, 587 S.E.2d 470, 477 (2003), *disc. review denied*, 358 N.C. 235, 595 S.E.2d 152 (2004) ("The statute of limitations for breach of warranty is also three years, accruing at breach."). Our Supreme Court has stated that

> The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained. . . . When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete.

*Mast v. Sapp*, 140 N.C. 533, 537-40, 53 S.E. 350, 351-52 (1906). Moreover, "[t]he bar of the statute of limitations is an affirmative defense and cannot be availed of by a party who fails, in due time and proper form, to invoke its protection." *Overton v. Overton*, 259 N.C. 31, 36, 129 S.E.2d 593, 597 (1963).

Nevertheless, a statutory "discovery rule" offers a claimant additional time in certain contract or negligence actions to have the opportunity to discover the harm before the three-year statute of limitations begins to accrue. *See* N.C. Gen. Stat. § 1-52(16) (2005) ("for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs."); N.C. Gen. Stat. § 1-15(c) (2005) ("a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action").

Here, Schenkel & Shultz argues that a genuine issue of material fact remains as to when the causes of action began to accrue, namely, when the harm was complete or either became apparent or ought reasonably to have become apparent. Schenkel & Shultz points to its complaint, filed 1 October 2004, which asserts that the school board notified Schenkel & Shultz of its belief that there were numerous problems with the structural steel design of the project "[b]eginning in October 2001." However, in the 25 February 2005 order granting summary judgment, the trial court found that

> [I]t has been established by uncontroverted evidence that [Schenkel & Shultz] had actual notice and/or reason to know of

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

its claims arising out of any alleged negligence and professional malpractice, breach of contract and breach of warranty by [Fox & Associates] in connection with the structural steel design on the Project no later than August 9, 2001, a date more than three years prior to the filing of Plaintiff's complaint.

This finding was based on the trial court's "consideration of the pleadings, exhibits thereto, the Affidavit in Opposition to Motion for Judgment of the Pleadings filed by [Schenkel & Shultz] and the attachments thereto, and the arguments of counsel." Included in those documents was an 8 May 2001 letter from Schenkel & Shultz to the construction project manager, "acknowledg[ing] receipt of your letter dated May 3, 2001 regarding concerns raised by your structural steel subcontractor about the integrity of the structural steel design on this project" and noting that Fox & Associates had "decided to re-examine their complete structural steel design on this project." Additionally, the record contains a letter from the project manager to Schenkel & Shultz, dated 9 August 2001, notifying Schenkel & Shultz of problems with the structural steel design in a specific part of the school being constructed.

Nonetheless, Schenkel & Shultz contends that the causes of action began to accrue not when the design was negligently provided or when it was informed of the potential steel design problems, but when it was actually harmed by Fox & Associates's conduct. Thus, Schenkel & Shultz asserts that the accrual began in October 2001, when the school board first notified Schenkel & Shultz that it would be held responsible for the cost overruns and delays, and Fox & Associates declined to indemnify Schenkel & Shultz for the damages.

In a similar action against an architect for negligence arising out of a construction project, this Court held that the "date of the accrual of a cause of action is deemed to be the date of discovery of the defective or unsafe condition of a structure, and . . . the action must be brought within three years thereafter." *Quail Hollow East Condominium Ass'n v. Donald J. Scholz Co.*, 47 N.C. App. 518, 527, 268 S.E.2d 12, 18, *disc. review denied*, 301 N.C. 527, 273 S.E.2d 454 (1980); *see also New Bern Assocs. v. Celotex Corp.*, 87 N.C. App. 65, 70, 359 S.E.2d 481, 484, *disc. review denied*, 321 N.C. 297, 362 S.E.2d 782 (1987) ("[T]he date the damage to its building was apparent or ought to have been reasonably apparent is the date [the plaintiff's] cause of action accrued."). Moreover, the "discovery rule," which sometimes operates to extend the statute of limitations, is intended to

apply in situations where the injury becomes apparent only after some delay, or the claimant might be somehow prevented from realizing the injury. *See Black v. Littlejohn*, 312 N.C. 626, 637-38, 325 S.E.2d 469, 477 (1985).

Such is not the case here, where Schenkel & Shultz was promptly notified of Fox & Associates's alleged negligence and malpractice and was on notice of a possible breach beginning in the spring of 2001. The 8 May 2001 and 9 August 2001 letters fall outside of the three-year statutes of limitations for the direct claims alleged in its complaint filed on 1 October 2004. The letters indicate that Schenkel & Shultz knew or had reason to know of the harm done to the project and the resulting breach of the underlying contract and warranty. Such knowledge would begin the accrual of the three-year statutes of limitations for Schenkel & Shultz's direct claims.

Accordingly, we find that no genuine issue of material fact remains as to whether Schenkel & Shultz's direct claims were barred by the statutes of limitations. We therefore affirm the trial court's order of summary judgment as to Schenkel & Shultz's claims of negligence and professional malpractice, breach of contract, and breach of warranty.

## II.

[2] Schenkel & Shultz next argues that a genuine issue of material fact remains as to whether Schenkel & Shultz has a right to express contractual indemnity, indemnity implied-in-law, or indemnity implied-in-fact.[3] *See Kaleel*, 161 N.C. App. at 38, 587 S.E.2d at 474

---

3. Procedurally, we note in passing that specific assignments of error are not required "where . . . the sole question presented in [one party's] brief is whether the trial court erred in granting summary judgment in favor of [the other party]. The appeal from the judgment is itself an exception thereto." *Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 297, 326 S.E.2d 316, 319 (1985) (citing *West v. Slick*, 60 N.C. App. 345, 299 S.E.2d 657 (1983), *rev'd on other grounds*, 313 N.C. 33, 326 S.E.2d 601 (1985). In such cases, "[o]ur review is limited to whether, on the face of the record proper, summary judgment was appropriately entered" or if genuine issues of material fact exist so that the case should be remanded. *Id.* The appellee in such an instance is still provided "notice of the basis upon which an appellate court might rule." *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 361 (2005).

Here, Schenkel & Shultz assigned as error the trial court's grant of summary judgment denying its claim for indemnity on three different grounds: (1) express contract; (2) contract implied-in-fact; and, (3) contract implied-in-law. As such, the assignments of error were proper in questioning whether a genuine issue of material fact remains as to any of these three bases.

Moreover, we observe that the dissent's assertion that Schenkel & Schultz's "failure to preserve or argue the lack of an expert witness as a ground to grant summary

**SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.**

[180 N.C. App. 257 (2006)]

("[A] party's rights to indemnity can rest on three bases: (1) an express contract; (2) a contract implied-in-fact; or (3) equitable concepts arising from the tort theory of indemnity, often referred to as a contract implied-in-law.").

We agree that viewing the evidence in the light most favorable to Schenkel & Shultz, the record indicates that a genuine issue of material fact remains as to whether the contract in this case *expressly* provides, through its incorporation by reference to a separate contract, for the right to indemnity. *See Martin County v. R.K. Stewart & Son, Inc.*, 63 N.C. App. 556,.558, 306 S.E.2d 118, 119 (1983) (finding a general contractor and subcontractor to be bound by an incorporation by reference "to all the provisions that those several instruments contain").

Here, Schenkel & Shultz and Fox & Associates signed a "Standard Form Agreement Between Architect and Consultant," which provides in Paragraph 1.1.2 of Article 1, "Consultant's Responsibilities," that

> The Consultant's [Fox & Associates's] services shall be performed according to this Agreement with the Architect [Schenkel & Shultz] *in the same manner and to the same extent that the Architect [Schenkel & Shultz] is bound by the attached Prime Agreement to perform such services for the Owner* [the school board]. Except as set forth herein, the Consultant [Fox & Associates] shall not have any duties or responsibilities for any other part of the Project.

(Emphasis added). The school board and Schenkel & Shultz likewise signed a "Standard Form Agreement Between Owner and Designer," in which Paragraph 1.7 specifies that "[t]he Designer [Schenkel & Shultz] shall be responsible for any error, design inconsistencies or omissions in the drawings, specifications, and other documents" and that "[t]he Designer [Schenkel & Shultz] will correct, at no additional cost or charges to the Owner [the school board] any and all errors and omissions in the drawings, specifications, and other documents prepared by the Designer [Schenkel & Shultz]." Paragraph 12.4 of the Agreement further provides that

judgment[] warrants dismissal of this assignment of error" conflates the issues of negligence and breach of contract, either of which ·could be the basis for indemnity according to the contract between the parties, *see* Paragraph 12.4, Standard Form Agreement Between Owner and Designer, *infra.* As expert witness testimony concerning the professional standard of care would not be necessary to establish a breach of contract, we find it to be an independent basis for Schenkel & Schultz's appeal and properly preserved in its assignments of error to this Court.

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

> In the event a claim, suit, or cause of action is made against the Owner [the school board] . . . for . . . loss or damage resulting solely from any negligent act or omission of the Designer [Schenkel & Shultz] or out of the Designer's [Schenkel & Shultz's] breach of this Agreement, *the Designer [Schenkel & Shultz] agrees to defend and hold the Owner [the school board], its agents, employees, servants, representatives, successors and assigns harmless and indemnified* from and against any loss, costs, damages, expenses, attorneys fees and liability with respect to such claim, suit, or cause of action.

(Emphasis added). Thus, the Prime Agreement did expressly provide for a right to indemnity, and the contract between Schenkel & Shultz and Fox & Associates did bind the parties "in the same manner and to the same extent" as the Prime Agreement.

Additionally, when an agreement is ambiguous and the intention of the parties is unclear, interpretation of the contract is for the trier of fact. *Silver v. N.C. Bd. of Transp.*, 47 N.C. App. 261, 270, 267 S.E.2d 49, 55 (1980); *see also Int'l Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 317, 385 S.E.2d 553, 556 (1989) ("Ambiguities in contracts are to be resolved by a trier of fact upon consideration of a range of factors including the expressions used, the subject matter, the end in view, the purpose and the situation of the parties."). This Court has previously held that summary judgment was improper on the question of indemnity when contractual provisions—including one that was incorporated by reference as part of an addendum to the contract—conflicted as to the scope of indemnity. *See Int'l Paper*, 96 N.C. App. at 316-17, 385 S.E.2d at 556. We find that the same is true here, where ambiguity remains as to the intention of the parties with respect to indemnity.[4]

---

4. The dissent cites to *Candid Camera Video World, Inc. v. Mathews*, 76 N.C. App. 634, 334 S.E.2d 94 (1985), *disc. review denied*, 315 N.C. 390, 338 S.E.2d 879 (1986), as standing for the proposition that "[i]ndemnity against negligence must be made unequivocally clear in the contract, particularly in a situation where the parties have presumably dealt at arm's length." *Id.* at 636, 334 S.E.2d at 96 (citing *Cooper v. H.B. Owsley & Son, Inc.*, 43 N.C. App. 261, 267, 258 S.E.2d 842, 846 (1979)). Although *Candid Camera* does contain that language, the case actually concerned whether the indemnification clause of a lease agreement was applicable to the managers of a shopping mall, rather than just to the owners and the store. Thus, this Court did not specifically address whether the contractual terms regarding indemnity extended to acts of negligence; rather, the opinion dealt with whether the contract applied to the parties to the action. Moreover, the *Cooper* case cited in *Candid Camera* supports our position here; in *Cooper*, although the lease agreement in question did not specifically reference negligence or breach of contract, this Court still found negligence to be included in the phrase "from whatsoever cause arising" such that the rental company was required to

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

Moreover, North Carolina follows the general rule that a cause of action on an obligation to indemnify normally accrues when the indemnitee suffers actual loss. *See Premier Corp. v. Economic Research Analysts, Inc.*, 578 F.2d 551, 553-54 (4th Cir. 1978); N.C. Gen. Stat. § 1-52 Case Notes (2005). Although the *Premier* case involved the sale of securities, the facts are analogous to the instant case: the plaintiff brought an action for indemnity based on an express contractual claim, but not until four years after the underlying breach of contract, and, in fact, after the contract had actually expired. The Fourth Circuit held that the indemnity claim was not barred by the statute of limitations because the payment for which the plaintiff sought indemnity was made several months prior to the claim being filed, although more than three years after the breach of contract. *Id.* Thus, the actual loss was suffered within the three-year period.

Here, Schenkel & Shultz filed its claim for indemnity before the school board instituted its action against Schenkel & Shultz for costs and damages incurred as a result of steel design errors. That action is still pending in federal court. Thus, the statute of limitations has not yet tolled against Schenkel & Shultz for its claim for indemnity against Fox & Associates.

[3] Though we find an issue of fact exists regarding Schenkel & Shultz's claim for express contract indemnity, we reject Schenkel & Shultz's contentions for indemnity under the theories of contract implied-in-fact and contract implied-in-law.

As to a contract implied-in-fact, to determine if a right to indemnity exists, "we look to [the parties'] relationship and its surrounding circumstances." *Kaleel*, 161 N.C. App. at 40, 587 S.E.2d at 475. In the context of independent contractor relationships, a right of indemnity under a contract implied-in-fact is inappropriate where, as here, both parties are well equipped to negotiate and bargain for such provisions. *See id.* Accordingly, in light of the ability and capacity of parties to construction contracts to negotiate and bargain for mutually agreeable terms, we decline to read a right of indemnity implied-in-fact into the independent contractor agreement in this case. As pre-

---

indemnify the owner against liability for injuries sustained by third persons. 43 N.C. App. at 268, 258 S.E.2d at 846. Here, by contrast, the contract contained language concerning both "any negligent act or omission" and "breach of this Agreement."

Again, however, we note that despite the dissent's approach to the instant case solely as a professional negligence action, indemnity would also be required if a breach of contract were found.

viously stated by this Court, to do otherwise "would be to do so in every general and subcontractor agreement, thus infringing upon this state's long standing and coveted principle of freedom of contract." *Id.* at 41, 587 S.E.2d at 475.

Regarding a contract implied-in-law, this Court has described indemnity through a contract implied-in-law as "a rather discrete legal fiction," but has nonetheless stated that such a claim "arises from an underlying tort, where a passive tort-feasor pays the judgment owed by an active tort-feasor to the injured third party." *Id.* at 39, 587 S.E.2d at 474. Thus, to successfully assert a right to indemnity based on a contract implied-in-law, a party must be able to prove each of the elements of an underlying tort such as negligence. Moreover, expert witness testimony would be necessary to prove a right to indemnity grounded in an underlying claim of negligence, i.e., one that arises from a contract implied-in-law. To prove negligence, Schenkel & Shultz would be required to show that Fox & Associates had breached the professional standard of care, which would almost certainly necessitate expert witness testimony. *See Associated Indus. Contractors, Inc. v. Fleming Eng'g, Inc.*, 162 N.C. App. 405, 409-12, 590 S.E.2d 866, 870-72 (2004), *aff'd*, 359 N.C. 296, 608 S.E.2d 757 (2005). Since the record reveals no such evidence, we reject Schenkel & Shultz's claim for indemnity under a contract implied-in-law.

In sum, because a genuine issue of material fact remains as to the intention of the parties to provide for a right to indemnity by incorporation by reference and the "flow-through" contractual provision, we reverse the trial court's order of summary judgment as to Schenkel & Shultz's claim for express contract indemnity. However, we uphold the trial court's order of summary judgment regarding Schenkel & Shultz's claims for indemnity under the contract theories of implied-in-fact and implied-in-law.

### III.

[4] Lastly, Schenkel & Shultz argues that the trial court erred in granting summary judgment to Fox & Associates on its counterclaim, when Fox & Associates breached its contract with Schenkel & Shultz. Fox & Associates's counterclaim alleged Schenkel & Shultz breached the contract by failing to pay Fox & Associates the money due for services performed pursuant to the contract. The trial court granted summary judgment in favor of Fox & Associates, awarding the company $37,787.50. We agree with Schenkel & Shultz and accordingly reverse the trial court's order on this issue.

"The general rule governing bilateral contracts provides that if either party to the contract is materially in default with respect to performance of his obligations under the contract, the other party should be excused from the obligation to perform further." *Paul B. Williams, Inc. v. Se. Reg'l Mental Health Ctr.*, 89 N.C. App. 549, 551, 366 S.E.2d 516, 518 (1988). Schenkel & Shultz argues that "[i]t is undisputed in the record that [Fox & Associates's] steel design was defective and that [Fox & Associates] breached the contract by failing to perform its contractual obligations in a professional manner."

The record contains substantial evidence that Fox & Associates's steel design was defective, including numerous letters offered as exhibits that demonstrated various parties' concern with the structural integrity of Fox & Associates's steel design. Accordingly, we believe a genuine issue of material fact exists whether Fox & Associates breached its contract with Schenkel & Shultz by supplying a defective structural steel design for the project. We therefore find that the trial court erred in granting summary judgment in favor of Fox & Associates on its counterclaim, and we reverse.

Affirmed in part, reversed in part.

Judge HUDSON concurs.

Judge TYSON concurs in part and dissents in part by separate opinion.

TYSON, Judge, concurring in part, dissenting in part.

The majority's opinion correctly affirms the trial court's order of summary judgment on Schenkel & Shultz, Inc., formerly known as Schenkel & Shultz Architects, P.A.'s ("plaintiff") claims for negligence and professional malpractice, breach of contract, and breach of warranty and reverses the trial court's order granting summary judgment regarding Hermon F. Fox & Associates, P.C.'s ("defendant") counterclaim.

The majority opinion's conclusion that, "because a genuine issue of material fact remains as to the intention of the parties to provide for a right to indemnity by incorporation by reference and the 'flowthrough' contractual provision" and reversal of the trial court's order granting defendant's motion for summary judgment regarding plaintiff's claim for express contractual indemnity is error.

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

Plaintiff's failure to preserve or argue the lack of an expert witness as a ground to grant summary judgment warrants dismissal of this assignment of error. Alternatively, since the majority's opinion addresses the merits of plaintiff's assignment of error, plaintiff cannot establish indemnity negligence liability as a matter of law without an expert witness and testimony. Plaintiff's express contract indemnity claim also fails because indemnity agreements imposing liability must be unequivocally clear. *See Candid Camera Video v. Mathews*, 76 N.C. App. 634, 636, 334 S.E.2d 94, 96 (1985) ("Indemnity against negligence must be made unequivocally clear in the contract."), *disc. rev. denied*, 315 N.C. 390, 338 S.E.2d 879 (1986). The trial court properly granted defendant's motion for summary judgment. I respectfully dissent from the reversal of the trial court's grant of summary judgment on plaintiff's indemnity claim.

## I.  Failure to Assign Error

Plaintiff argues the trial court erred in granting summary judgment in favor of defendant on its indemnity claim. Defendant argued four separate grounds in support of dismissing plaintiff's indemnity claim in its motion for summary judgment:

3) [Defendant] now seeks the dismissal of the Derivative Claim pursuant to Rule 56 on the grounds that there are no material issues of fact and that [defendant] is otherwise entitled to judgment as a matter of law. Specifically:

a) There is no express right to contractual indemnification between [defendant] and the Plaintiff;

b) There is no justification for an implied-in-fact indemnification between [defendant] and Plaintiff;

c) [Defendant] and Plaintiff, as engineer and supervising architect, do not satisfy the active-passive framework required for common law indemnification; and

d) Without an expert witness to establish [defendant's] professional standard of care and breach thereof, Plaintiff cannot establish liability as a matter of law.

## A.  Lack of Expert Witness

On appeal, defendant argues plaintiff failed to designate an expert witness prior to expiration of the deadline and cannot satisfy its

burden to establish defendant negligently performed its duties under the contract without expert testimony. I agree.

The trial court's summary judgment order does not specify upon which ground summary judgment was granted, and states, "There are no genuine issues of fact material to Plaintiff's claim for indemnification against Defendant and that Defendant is entitled to judgment as a matter of law." Plaintiff failed to assign error or argue reversal of the trial court's summary judgment order due to its failure to provide an expert witness to prove defendant failed to meet the applicable standard of care. This failure on plaintiff's indemnity claim alone supports affirming the trial court's order.

## 1. Standard of Care Required

"The standard of care provides a template against which the finder of fact may measure the actual conduct of the professional. The purpose of introducing evidence as to the standard of care in a professional negligence lawsuit 'is to see if this defendant's actions "lived up" to that standard[,]' " and this is generally established by expert testimony. *Associated Indus. Contr'rs, Inc. v. Fleming Eng'g, Inc.*, 162 N.C. App. 405, 410, 590 S.E.2d 866, 870 (2004) (quoting *Little v. Matthewson*, 114 N.C. App. 562, 567, 442 S.E.2d 567, 570 (1994), *aff'd per curiam* 340 N.C. 102, 455 S.E.2d 160 (1995)), *aff'd on other grounds*, 359 N.C. 296, 608 S.E.2d 757 (2005).

The scope of appellate review is limited to consideration of the assignments of error set forth in the record on appeal and argued in appellant's brief. N.C. R. App. 10(a) (2006); N.C. R. App. 28(a) (2006). Plaintiff failed to set forth any argument in its appellate brief to excuse its failure to designate an expert witness.

Plaintiff's brief only addresses three of the four grounds defendant argued to grant summary judgment. Plaintiff's failure to designate an expert witness supports the trial court's grant of summary judgment in favor of defendant. Plaintiff's assignment of error is not preserved or is abandoned and should be dismissed.

## II. Lack of an Expert Witness

The majority's opinion holds a genuine issue of material fact exists whether the contract between plaintiff and the school board provided for the indemnification of plaintiff by defendant by incorporation-by-reference and the flow-through contractual provision. Presuming an "indemnity" provision exists in these contracts, sum-

mary judgment is still proper and the trial court's judgment should be affirmed. No indemnity provision exists in the contract between plaintiff and defendant.

The "indemnity" provision plaintiff relies upon states:

> In the event a claim, suit, or cause of action is made against [the school board] and/or [the school boards'] representatives for any personal injury, including death, or property damage (other than to the work itself), or other loss or damage *resulting solely from any negligent act or omission of the [plaintiff] or out of [plaintiff's] breach of this Agreement,* [plaintiff] agrees to defend and hold [the school board] . . . harmless and indemnified from any loss, costs, damages, expenses, attorneys fees and liability with respect to such claim, suit, or cause of action.

(Emphasis ˙supplied). Even if this "indemnity" provision requires defendant to indemnify plaintiff, plaintiff cannot establish negligence liability as a matter of law without expert testimony to establish defendant's professional standard of care and breach thereof. *See Handex of the Carolinas, Inc. v. County of Haywood,* 168 N.C. App. 1, 10-11, 607 S.E.2d 25, 31 (2005) ("The standard of care provides a template against which the finder of fact may measure the actual conduct of the professional. The purpose of introducing evidence as to the standard of care in a professional negligence lawsuit 'is to see if this defendant's actions 'lived up' to that standard[,]' and generally this is established by way of expert testimony." (quoting *Associated Indus. Contr'rs, Inc. v. Fleming Eng'g, Inc.,* 162 N.C. App. 405, 410, 590 S.E.2d 866, 870 (2004) (quoting *Little v. Matthewson,* 114 N.C. App. 562, 567, 442 S.E.2d 567, 570 (1994), *aff'd per curiam,* 340 N.C. 102, 455 S.E.2d 160 (1995))).

Plaintiff failed to disclose his expert witnesses within the time required. If defendant's duty to indemnify arises "out of [plaintiff's] breach of the Agreement," with the school board, expert testimony is required to establish the breach. The trial court's order granting defendant's motion for summary judgment on plaintiff's indemnification claim should be affirmed on the merits.

## III.  Contractual Indemnity

The majority's opinion holds the trial court's order granting defendant's motion for summary judgment regarding plaintiff's indemnification claim should be reversed because a genuine issue of

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

material fact remains as to whether the contract between plaintiff and defendant expressly provided for indemnification. I disagree.

Plaintiff argues that defendant is contractually bound to indemnify it because plaintiff had contractually agreed to indemnify the school board. As noted earlier, the contract between plaintiff and the school board provides, in part, that:

> In the event a claim, suit, or cause of action is made against [the school board] and/or [the school boards'] representatives for any personal injury, including death, or property damage (other than to the work itself), or other loss or damage resulting solely from any negligent act or omission of the [plaintiff] or out of [plaintiff's] breach of this Agreement, [plaintiff] agrees to defend and hold [the school board] . . . harmless and indemnified from any loss, costs, damages, expenses, attorneys fees and liability with respect to such claim, suit, or cause of action.

The contract between plaintiff and defendant does not include this covenant or any express contractual provision for defendant to indemnify plaintiff. Plaintiff relies on Section 1.1.2 of its contract with defendant to argue the above language was "incorporated by reference" or implied into its contract with defendant. Section 1.1.2 of the contract between plaintiff and defendant provides:

> [Defendant's] services shall be performed according to this Agreement with [plaintiff] in the same manner and to the same extent that [plaintiff] is bound by the attached Prime Agreement to perform such services for [the school board]. Except as set forth herein, [defendant] shall not have any duties or responsibilities for any other part of the project.

Plaintiff drafted the contract with defendant and failed to reference, include, or bargain for any indemnification by defendant. *See Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 295, 378 S.E.2d 21, 25 (1989) (contracts are construed against the drafter).

"Courts strictly construe an indemnity clause against the party asserting it." *Hoisington v. ZT-Winston-Salem Assocs.*, 133 N.C. App. 485, 494, 516 S.E.2d 176, 183 (1999), *disc. rev. improvidently allowed*, 351 N.C. 342, 525 S.E.2d 173 (2000). This Court has stated:

> In interpreting a contract of indemnity, the court should give effect to the intention of the parties. But *where the contractual language is clear and unambiguous, the court must interpret*

SCHENKEL & SHULTZ, INC. v. HERMON F. FOX & ASSOCS.

[180 N.C. App. 257 (2006)]

*the contract as written. Indemnity against negligence must be made unequivocally clear in the contract,* particularly in a situation where the parties have presumably dealt at arm's length.

*Candid Camera Video,* 76 N.C. App. at 636, 334 S.E.2d at 96 (internal citation omitted) (emphasis supplied).

A court is not free to incorporate, imply, or write into a "clear and unambiguous" contract covenants and conditions the parties themselves did not include. *Id.*; *see Klein v. Insurance Co.,* 289 N.C. 63, 66, 220 S.E.2d 595, 597 (1975) (A court cannot rewrite a contract and make a new contract for the parties.).

"Where the language of a contract is clear and unambiguous, the court is obligated to interpret the contract as written, and the court cannot look beyond the terms to see what the intentions of the parties might have been in making the agreement." *Renfro v. Meacham,* 50 N.C. App. 491, 496, 274 S.E.2d 377, 379 (1981) (citing *Root v. Allstate Insurance Co.,* 272 N.C. 580, 158 S.E.2d 829 (1968)).

The majority's opinion correctly states, "a right to indemnity may rest on the express contractual provisions between two parties." Here, the contract between plaintiff and defendant clearly and unambiguously does not contain an express contractual provision requiring defendant to indemnify plaintiff. No provision contained in the contract between the parties requires defendant to indemnify or hold plaintiff harmless for its negligence.

The trial court properly interpreted the contract and correctly determined it did not "unequivocally" provide for defendant to indemnify plaintiff. *Candid Camera Video,* 76 N.C. App. at 636, 334 S.E.2d at 96. The trial court correctly granted defendant's motion for summary judgment on plaintiff's indemnification claim. That portion of the trial court's order should also be affirmed.

## IV. Conclusion

The majority's opinion correctly affirms the trial court's order of summary judgment dismissing plaintiff's claims for negligence and professional malpractice, breach of contract, and breach of warranty, and reverses summary judgment for plaintiff on defendant's counterclaim.

Plaintiff's failure to preserve or argue its lack of an expert witness as a ground to grant defendant's motion for summary judgment

supports dismissal of plaintiff's indemnity claim. Plaintiff's assignment of error should be dismissed.

Alternatively, because the majority's opinion addresses the merits of plaintiff's assignment of error, the trial court properly granted defendant's motion for summary judgment. Plaintiff cannot establish negligence liability as a matter of, law without an expert witness. *Handex of the Carolinas, Inc.*, 168 N.C. App. at 10-11, 607 S.E.2d at 31.

Summary judgment on plaintiff's indemnity claim should also be affirmed because the contract plaintiff drafted and relies on does not "unequivocally" provide for indemnification by defendant. *See Candid Camera Video*, 76 N.C. App. at 636, 334 S.E.2d at 96 ("Indemnity against negligence must be made unequivocally clear in the contract."). The contract between plaintiff and defendant does not contain an indemnity provision. Courts should not incorporate, imply, or write into the parties' contract a provision the parties themselves failed to include.

I vote to affirm the trial court's order granting defendant's motion for summary judgment and dismissing plaintiff's indemnification claim. I respectfully dissent.